876 F.2d 894
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Lee PARKS, Plaintiff-Appellant,
v.
Garry L. KELLY, Capt., Defendant-Appellee.
 No. 87-3455.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1989.
 
 Before KENNEDY, NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 Robert Lee Parks, a pro se Ohio state prisoner, appeals the district court's judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On February 20, 1985, while incarcerated at the London Correctional Facility, Parks was issued a misconduct report by two corrections officers. Defendant Kelly was the hearing officer who handled plaintiff's misconduct report. In his complaint, Parks alleged that he was denied due process because the defendant denied his request for a hearing before the Rules Infraction Board. The district court initially entered an order under Tingler v. Marshall, 716 F.2d 1109 (6th Cir.1983), noting that the one-year statute of limitations had apparently expired. Parks was given additional time to amend the complaint or otherwise respond. Parks then filed a response arguing that the complaint was timely because pursuant to the doctrine of "relation back," Fed.R.Civ.P. 15(c), the complaint related back to the date he filed another suit against the two corrections officers who issued the misconduct report. The district court ultimately granted defendant's motion and dismissed the complaint as time-barred under Ohio's one year statute of limitations.
 
 
 3
 Upon review, we must vacate the district court's judgment and remand the case for further consideration of the merits of plaintiff's claims. In Owens v. Okure, 109 S.Ct. 573 (1989), the court held that where state law provides multiple statutes of limitations for personal injury actions, courts considering Sec. 1983 claims should borrow the general or residual statute for personal injury actions. See Owens, 109 S.Ct. at 582. In Browning v. Pendleton, 869 F.2d 989, 922 (6th Cir.1989) (en banc), the court held that the two year statute of limitations contained in Ohio Rev.Code Sec. 2305.10 was the appropriate limitations period to apply to a Sec. 1983 civil rights action arising in Ohio.
 
 
 4
 In this case, the disciplinary proceeding at issue occurred on February 20, 1985, and the instant complaint was filed on February 10, 1987. Thus, under Owens and Browning, Parks' complaint was timely as it was filed within two years after his cause of action accrued.
 
 
 5
 Accordingly, the district court's judgment is hereby vacated and the case remanded for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.