877 F.2d 62
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emma Jean GRIFFIN, Tommy Griffin, Christopher Griffin,
Plaintiffs-Appellants,
v.
CITY OF CLEVELAND, David Stokes, Paul Payne, John Doe,
Samuel Doe, Jane Doe, Defendants-Appellees.
 No. 88-3941.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1989.
 
 1
 Before NATHANIEL R. JONES and BOGGS, Circuit Judges, and JULIAN A. COOK, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Emma Jean Griffin, Tommy Griffin, and Christopher Griffin appeal the summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. Plaintiffs alleged that they were illegally searched and that plaintiff Emma Jean Griffin was illegally arrested by the defendant Cleveland police officers on August 22, 1985. The district court concluded that plaintiffs' complaint filed on August 24, 1987 was barred by the Ohio one year statute of limitations, see Mulligan v. Hazard, 777 F.2d 340 (6th Cir.1985), cert. denied, 476 U.S. 1174 (1986), and granted defendants' motion for summary judgment.
 
 
 4
 Upon consideration, we conclude that plaintiffs' complaint was timely. After the district court rendered its judgment, this court overruled its decision in Mulligan and determined that Ohio's two year statute of limitations applies to Sec. 1983 actions in Ohio. Browning v. Pendleton, 869 F.2d 989 (6th Cir.1989) (en banc). We conclude that the factors considered under Chevron Oil Co. v. Huson, 404 U.S. 97 (1971) permit retroactive application of the Browning decision because defendants have not shown that any inequity would result otherwise. Applying the two year limitations period, we conclude that, plaintiffs complaint was timely because they were permitted until Monday, August 24, 1987 to file under state law, see Ohio Rev.Code Ann. Sec. 1.14, as well as under federal law. See 4A C. Wright & A. Miller, Federal Practice and Procedure Sec. 1163 (2d ed. 1987); Brown v. City of Chicago, 573 F.Supp. 1375, 1381 (N.D.Ill.1983).
 
 
 5
 Therefore, the judgment of the district court is vacated pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, and the case is remanded to the district court for further proceedings.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., U.S. District Judge for the Eastern District of Michigan, sitting by designation