880 F.2d 1321
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William HADDIX, Plaintiff-Appellant,
v.
R.C. WEBER, Detective; L.E. Hunt, Detective; O. Logan,
Detective; T.L. Williams, Detective; M.M. Martin,
Detective; D.K. Hall, Detective; B.J. Long, Detective;
J.E. Rohrer, Officer, D.K. Chaney, Sgt., Defendants-Appellees.
 No. 88-3729.
 United States Court of Appeals, Sixth Circuit.
 July 26, 1989.
 
 1
 Before KENNEDY and KRUPANSKY, Circuit Judges, and WENDELL A. MILES, Senior District Judge.*
 
 ORDER
 
 2
 William Haddix appeals the judgment of the district court granting defendants' motion to dismiss his cause of action. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Haddix brought suit against nine Dayton, Ohio police officers alleging that his civil rights were violated by the seizure of a large quantity of liquor from his place of business.
 
 
 4
 The district court, applying Wilson v. Garcia, 471 U.S. 261 (1985), and Mulligan v. Hazard, 777 F.2d 340 (6th Cir.1985), cert. denied, 476 U.S. 1174 (1986), granted defendants' motion to dismiss.
 
 
 5
 We have recently had the opportunity to examine our holding in Mulligan in light of the Supreme Court's decision in Owens v. Okure, 109 S.Ct. 573 (1989). See Browning v. Pendleton, 869 F.2d 989 (6th Cir.1989). In Browning, we overruled Mulligan and held that the appropriate statute of limitations for 42 U.S.C. Sec. 1983 civil rights actions arising in Ohio is contained in Ohio Rev.Code Ann. Sec. 2305.10, which requires that actions for bodily injury be filed within two years after their accrual.
 
 
 6
 Even though we concluded that Ohio's two-year statute of limitations is the appropriate time frame, the decision does not benefit the plaintiff because the plaintiff filed his complaint two years and 23 days after his alleged Sec. 1983 cause of action accrued. An action accrues on the date of the tortious event. Hicks v. Hines, Inc., 826 F.2d 1543, 1544 (6th Cir.1987). Plaintiff's action accrued on November 25, 1985, when he alleges the defendants unlawfully seized liquor and beer from his place of business. Plaintiff filed his complaint on December 18, 1987. His suit was therefore properly dismissed.
 
 
 7
 Accordingly, the judgment of the district court should be affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation