880 F.2d 414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sonya K. CLARK, Plaintiff-Appellant,
v.
Russell BRADLEY, Sheriff; Greene County Jail Staff,
Defendants-Appellees.
 No. 88-3280.
 United States Court of Appeals, Sixth Circuit.
 July 28, 1989.
 
 1
 Before KENNEDY and KRUPANSKY, Circuit Judges, and WENDELL A. MILES, Senior District Judge.*
 
 ORDER
 
 2
 Sonya K. Clark, a pro se Ohio prisoner, appeals the district court's order dismissing her civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking injunctive and monetary relief, plaintiff sued Sheriff Russell Bradley and the staff at the Greene County Jail, asserting eighth amendment violations regarding miscellaneous de minimis complaints. The case was referred to U.S. Magistrate Michael R. Merz for pretrial management, whereupon all parties consented to the magistrate exercising trial jurisdiction. The case was tried without a jury with plaintiff proceeding pro se. The magistrate found plaintiff's claims to be without merit and also concluded that most of the claims were time-barred under Ohio's one year statute of limitations. Judgment was entered for defendants and plaintiff appeals.
 
 
 4
 Upon consideration, we conclude that because plaintiff's Sec. 1983 claim was filed within two years of defendants' alleged transgressions, it was not time-barred under Ohio's statute of limitations for civil rights actions. See Browning v. Pendleton, 869 F.2d 989 (6th Cir.1989) (en banc).
 
 
 5
 Upon further consideration, we conclude that the district court properly entered judgment for defendants as its findings of fact are not clearly erroneous. See Walter v. Commissioner, 753 F.2d 35, 38 (6th Cir.1985). The only one of plaintiff's claims that even approaches a level of constitutional dimension is that concerning an alleged lack of medical attention plaintiff received at the jail. Because plaintiff failed to allege or prove callous indifference to serious medical needs, see Estelle v. Gamble, 429 U.S. 97, 104 (1976), this claim was properly dismissed. The remaining allegations likewise failed to state a claim for relief.
 
 
 6
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation