883 F.2d 75
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dean KING, Plaintiff-Appellant,
v.
Thomas HAMMAN, Robert J. Barada, James Caldwell, Donald W.
Arledge, Ross County Commissioners, Defendants-Appellees.
 No. 87-3797.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1989.
 
 Before BOYCE F. MARTIN, Jr., WELLFORD and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Dean King, a pro se Ohio prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, King sued the defendants alleging violations of his constitutional rights while he was a pretrial detainee at the Ross County, Ohio jail from May 1, 1982 thru July 12, 1982. King alleged that he was denied medical treatment for chronic psoriasis, access to legal materials and personal hygiene articles, and was subjected to unsafe and unsanitary living conditions. The district court granted defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6) finding that King's complaint was time-barred by the one year statute of limitations contained in Ohio Rev.Code Sec. 2305.11.
 
 
 3
 Upon review, we must vacate the district court's judgment and remand the case for further consideration of the merits of King's claims. In Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc), this court held that the two year statute of limitations contained in Ohio Rev.Code Sec. 2305.10 was the appropriate limitations period to apply to a Sec. 1983 civil rights action arising in Ohio. In addition, the running of the statute of limitations was tolled due to plaintiff's incarceration pursuant to Ohio Rev.Code Sec. 2305.16. See Hardin v. Straub, 109 S.Ct. 1998, 2003 (1989).
 
 
 4
 In this case, the acts or omissions complained of occurred between May 1, 1982 thru July 12, 1982 while King was a pre-trial detainee at the Ross County jail. The instant complaint was filed June 12, 1984. Thus, under Browning the complaint was not time-barred as it was filed within two years after King's cause of action accrued.
 
 
 5
 Accordingly, the district court's judgment is hereby vacated and the case remanded for further consideration. Rule 9(b)(6), Rules of the Sixth Circuit.