891 F.2d 292
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary K. RIORDAN, Plaintiff-Appellant,
v.
CITY OF LAKEWOOD, OHIO; Civil Service Commission of
Lakewood; Anthony C. Sinagra; George C.
Wintermyer; Carrie Schopf; Hugh James
Gallagher; David Harbarger;
Judy Riley,
Defendants-
Appellees.
 No. 89-3500.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1989.
 
 Before MILBURN and BOGGS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This Ohio plaintiff, by counsel, appeals the district court's order dismissing her civil rights complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 In a complaint filed pursuant to 42 U.S.C. § 1983, Mary K. Riordan alleged that she was denied due process when she was discharged from her employment with defendant city without a pretermination hearing. She was discharged in August 1985; she filed her complaint on September 7, 1988.
 
 
 3
 The district court determined that the applicable statute of limitations required Riordan to file her complaint within two years of the event of which she complained. The untimely complaint, filed three years after the discharge, was dismissed for failure to state a claim.
 
 
 4
 Upon review we conclude that dismissal under Fed.R.Civ.P. 12(b)(6) was proper because it appears beyond doubt that Riordan can present no set of facts entitling her to relief. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988).
 
 
 5
 The complaint is barred by the statute of limitations. The applicable statute of limitations for § 1983 actions filed in a federal district court is the general or residual personal injury statute of the state in which the court sits. Owens v. Okure, 109 S.Ct. 573, 582 (1989). In Ohio, the applicable limitations period is two years under Ohio Rev.Code § 2305.10. See Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc). In her complaint, Riordan alleged she was deprived due process when, in August 1985, she was discharged from her employment without a pretermination hearing. Her complaint, filed September 7, 1988, was properly dismissed as barred by the two-year statute of limitations.
 
 
 6
 Riordan argues that her complaint was timely because her cause of action did not accrue, under Ohio law, until she "discovered" the injury at the conclusion of state court litigation. This argument is unavailing. Federal, not state, law determines when an action accrues for the purposes of 42 U.S.C. § 1983. See Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984). The focus is on the discriminatory act, even if the plaintiff later discovers the injury is more serious than first believed. See Chardon v. Fernandez, 454 U.S. 6, 8 (1981) (per curiam); Hicks v. Hines, Inc., 826 F.2d 1543, 1544 (6th Cir.1987). Riordan's cause of action accrued at the time of the alleged deprivation and not at the later date.
 
 
 7
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.