902 F.2d 1568
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gloria DURANTE, Plaintiff-Appellant,
v.
OHIO CIVIL RIGHTS COMMISSION, Defendant-Appellee.
 No. 88-3502.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1990.
 
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and AVERN COHN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Gloria Durante, appeals from two of the district court's rulings in this employment discrimination action against her employer, the Ohio Civil Rights Commission ("the Commission"). Durante contends that the district court erred in entering judgment for the Commission following trial on her claims for race and sex discrimination under Title VII, and erroneously dismissed her deprivation of due process claim under 42 U.S.C. Sec. 1983 before trial on the ground that the claim was not brought within the statute of limitations. For the reasons stated, we affirm.
 
 I.
 
 2
 In her amended complaint, Durante brought claims of discrimination based upon race, sex, and religion and retaliatory discharge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq.; racial discrimination under 42 U.S.C. Sec. 1981; age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq.; and denial of due process under 42 U.S.C. Sec. 1983. She also brought a pendent state law claim of breach of contract. The district court dismissed Durante's section 1983 claim on statute of limitations grounds and her pendent state law claim on Eleventh Amendment grounds.
 
 
 3
 The remaining claims proceeded to trial on May 3, 1988, the section 1981 and ADEA claims being heard by a jury and the Title VII claims by the court. Durante dropped her religious discrimination claim at the opening of trial. The following evidence was presented on the remaining claims:
 
 
 4
 Durante, a black female, began to work for the Commission as an investigator in June 1980. She was initially assigned to the Intake Unit, where she processed claims, and was subsequently transferred to the Field Unit, where she investigated claims. Her initial evaluations were satisfactory, but subsequent evaluations demonstrated a steady decline in the quality of her work. Nevertheless, Durante was promoted in March 1981 to Level II Investigator and in February 1982 to Level III Investigator.
 
 
 5
 However, in July 1983, Durante's supervisor concluded that she was unable to perform as a Field Investigator and reassigned her to the more elementary position of Charge Taker, but problems continued with her work. On several occasions, her supervisors required her to rewrite charges and Durante was at times rude and inattentive to complainants. In addition, while investigators were required under state law to submit proof of possession of automobile liability insurance, Durante admitted that she had no automobile liability insurance for approximatley three years during her employment.
 
 
 6
 On March 24, 1984, Durante was discharged upon staff recommendation, her order of removal providing as follows:
 
 
 7
 The reason for this action [removal] is that you have been guilty of misfeasance; and/or neglect of duty; and/or inefficiency in the following particulars, to wit:
 
 
 8
 On or about July 19, 1983, you were tardy and have been tardy at least ten (10) separate times since then. Since on or about January, 1984, you have on at least two (2) occasions been discourteous or rude to the public or complainants that came to the agency to file charges. Further, you have failed to process the cases assigned to you on a timely and/or efficient manner. You have failed to obtain and/or submit documentation of liability insurance that you possess for your vehicle. You have received previously a written warning and a three (3) day suspension. You were cautioned that such continued activity was unacceptable to the agency and could result in a removal order being issued.
 
 
 9
 The Commission has a progressive discipline policy which, for most infractions, requires first a written reprimand, then a suspension, and finally removal. However, the disciplinary rules also note that "there are certain acts which are of such seriousness that a single occurrence may warrant removal."
 
 
 10
 Durante introduced evidence concerning two Commission employees, George Simpson and Joe Barker, alleging that these employees were similarly situated to Durante but were treated differently on account of their race or sex. Simpson, a white male, was repeatedly reprimanded for poor performance, but was never reprimanded for rudeness. Simpson testified that he resigned from the Commission to attend a seminary after he heard rumors that he was about to be fired. The Commission presented testimony that Simpson was told that he would be terminated if his performance did not improve.
 
 
 11
 Barker, a black male, was given numerous final warnings concerning his production rate and attendance before he was terminated. Barker's problems stemmed exclusively from alcoholism, a handicap under Ohio law. He went through rehabilitation and was subsequently rehired. There was no evidence that Barker was ever accused of being rude to the public.
 
 
 12
 The jury returned a verdict for the Commission on the section 1981 and ADEA claims, and the district court found for the Commission on the Title VII claims. The court, treating the case as one based solely upon discriminatory discharge, found that Durante failed to make a prima facie case because she did not establish that she was qualified and competent to do her job and that she failed to meet her burden of proof to rebut the Commission's legitimate reasons for terminating her. The court also found that Simpson and Barker were not similarly situated to Durante because neither had any problem in dealing with the public, and concluded that Durante had failed to prove that the Commission intentionally discriminated against her on the basis of her race or sex.
 
 
 13
 On appeal, Durante does not contest the district court's factual findings with respect to her claim that she was terminated on account of her race or sex, but, instead, argues that the court made a legal error in not also deciding whether the Commission had otherwise disciplined her more severely on account of her race and sex. Durante also appeals the district court's decision dismissing her section 1983 claim of deprivation of due process.
 
 II.
 A. The Title VII Claim
 
 14
 Durante concedes that the district court's findings of fact with respect to her claim of discriminatory discharge are not clearly erroneous, but she contends that the district court committed legal error in setting out the elements of a prima facie case applicable only to discriminatory discharge. Durante argues that the court should have also determined whether she was discriminated against because the discipline she received, other than the discharge, was more severe than that received by other similarly situated employees of a different race or sex. She asserts that her complaint alleged a disparate discipline claim as well as a discriminatory discharge claim.
 
 
 15
 We are unable to say that the district court erred in failing to address the issue of whether she was subjected to discriminatory discipline. First, Durante points to no specific instances, other than when she was terminated, where she received more severe discipline for similar offenses than any other employee. Furthermore, despite Durante's interpretation of the complaint, she never presented a discriminatory discipline claim to the district court. It is clear from Durante's opening argument that her sole theory of the case was that of discriminatory discharge. Implicit in the holding that Durante's dismissal was not discriminatory is the finding that the disciplinary steps which resulted in her dismissal were not discriminatory.
 
 
 16
 Durante also argues that the district court should have addressed the issue of whether she was subjected to a different disciplinary procedure than other employees on account of her sex and race. She claims that the evidence demonstrates that the progressive discipline policy was followed with respect to Simpson and Barker but that, in her case, those procedures were not followed. Instead, in terminating her the Commission relied upon warnings, reprimands, and suspensions that were more than twelve months old, a practice which Durante contends is not allowed under the discipline policy.
 
 
 17
 Durante's claim that the Commission discriminated against her by failing to follow the progressive discipline policy, however, is not a claim separate from her claim of discriminatory discharge. Evidence of disparate application of disciplinary procedures in the termination decision is merely evidence relevant to the ultimate question of discriminatory discharge.
 
 B. The Due Process Claim Under Section 1983
 
 18
 The district court dismissed Durante's section 1983 claim that she was denied due process when she was terminated without a pre-termination hearing because the claim was not filed within the statute of limitations. The claim was filed twenty months after the cause of action accrued. The district court, relying upon Mulligan v. Hazard, 777 F.2d 340 (6th Cir.1985), found that the limitations period in a section 1983 action in Ohio was the state's one-year limitations period for intentional torts, Ohio Rev.Code. Sec. 2305.11. Subsequent to the district court's decision, the Supreme Court held that the proper limitations period is the state's limitations period for general personal injuries rather than the period for intentional torts. Owens v. Okure, 488 U.S. 235 (1989). This court then adopted the two-year limitations period set out in Ohio Rev.Code Sec. 2305.10 for all section 1983 claims. Browning v. Pendleton, 869 F.2d 989 (6th Cir.1989) (en banc). Clearly, the district court erred in dismissing Durante's section 1983 claim on the ground it was not filed within the applicable limitations period.
 
 
 19
 Nonetheless, this error is harmless because Durante's section 1983 claim is clearly barred by the Eleventh Amendment to the United States Constitution. Durante concedes that the Eleventh Amendment bars her claim for monetary damages but asserts that it does not bar her claim for prospective injunctive relief. In making this argument, she relies upon the Supreme Court decisions allowing federal courts to grant prospective relief against state officials. See, e.g., Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2311 n. 10 (1989); Ex parte Young, 209 U.S. 123 (1908). While Durante is correct in noting that the Eleventh Amendment does not bar suits for prospective relief against state officials in their official capacities, it does bar all suits against the state or state agencies. See, e.g., Will, 109 S.Ct. at 2309; Papasan v. Allain, 478 U.S. 265, 276 (1986). Since Durante named only the Commission as a defendant in this action and not its members in their personal or official capacities, the section 1983 claim is clearly barred in its entirety by the Eleventh Amendment.
 
 III.
 
 20
 For the foregoing reasons, the order of the district court is affirmed.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation