914 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard A. PALADIN, Sally J. Paladin, Plaintiffs-Appellants,
v.
Thomas C. DOYLE, Detective, Robert Jaksa, Detective, William
Depledge, Chief of Police, City of Eastlake,
Defendants-Appellees.
 No. 90-3242.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1990.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiffs, Richard A. and Sally J. Paladin, appeal an order of the district court which dismissed their civil rights action. They now move that the appeal be heard by the court sitting en banc. Upon review of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On October 6, 1989, plaintiffs filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the United States District Court for the Northern District of Ohio. As the basis of their request for both punitive and compensatory damages, they alleged that on July 3, 1986, defendants, the city of Eastlake, Ohio and its law enforcement agents, subjected them to an illegal arrest and interrogation. Based upon the contention that the complaint had been filed outside the two year period provided by Ohio Rev.Code Sec. 2305.10, the statute of limitations governing civil rights actions arising in that state, defendants sought the dismissal of the complaint for failure to state a claim upon which relief could be granted under Fed.R.Civ.P. 12(b)(6). After consideration of plaintiffs' response, the district court agreed and dismissed the complaint. Plaintiffs then filed this appeal.
 
 
 3
 After thorough consideration of the record and the arguments contained in plaintiffs' brief, this court has concluded that the district court did not err in dismissing the complaint. In Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc), this court held that pursuant to Ohio Rev.Code Sec. 2305.10 civil rights actions arising in that state must be brought within two years of their accrual. Plaintiffs' cause of action, which was grounded upon allegations of false arrest and imprisonment, accrued on July 3, 1986. McCune v. City of Grand Rapids, 842 F.2d 903, 906 (6th Cir.1988). As plaintiffs did not file their complaint until more than three years after that date, their cause of action is clearly barred by the statute of limitations. Furthermore, the court has considered plaintiffs' argument that the decision in Browning, 869 F.2d at 992, is in error and that the Ohio Rev.Code Sec. 2305.09(D) should be adopted to provide a four year period for the commencement of such actions. In light of our recent decision in Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 181-82 (6th Cir.1990), that contention is without merit.
 
 
 4
 Accordingly, the motion to hear the appeal en banc is denied and the district court's final order dismissing the complaint is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.