883 F.2d 74
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Derek A. FARMER, Plaintiff-Appellant,
v.
George F. DENTON; Ronald C. Marshall; Wayne O. Chambliss;
Roger D. Crabtree; Lonnie McGuire; Arnold Hall;
Paul Blair, Defendants-Appellees.
 No. 87-3309.
 United States Court of Appeals, Sixth Circuit.
 Aug. 21, 1989.
 
 Before ENGEL, Chief Judge, and KEITH and BOYCE F. MARTIN, Jr., Circuit Judges.
 
 ORDER
 
 1
 Derek A. Farmer, a pro se Ohio prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Secs. 1983 and 1985. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Farmer is an inmate at the Southern Ohio Correctional Facility (SOCF). On August 14, 1980, he sent a letter to United States District Judge Robert Duncan (with copies to eighteen others) charging the defendants Blair, McGuire and Moore with improprieties in their investigation of the murder of an SOCF inmate. Shortly thereafter, Farmer was written up for giving false information and making unfounded complaints. On September 5, 1980, he appeared before the Rules Infraction Board (RIB) where he was found guilty of the charges. He was sentenced to ten days in disciplinary control. The sentence was suspended for ninety days pending Farmer's appearance before a reclassification committee where he also lost his merit status. Later, the RIB's decision was overturned by defendant Denton on appeal. On September 23, 1980, Farmer was involved in an altercation with defendants McGuire and Hall whom plaintiff alleged called him a racially derogatory name and threatened to get even with him for sending the letter to Judge Duncan. As a result of the incident, Farmer was written up for insubordination, creating a disturbance, making a threat and disrespecting an officer. The next day he appeared before the RIB where he was found guilty of creating a disturbance and making threats. He was sentenced to ten days in disciplinary control and was placed in administrative control for over six months until his release on April 21, 1981. His appeals to defendants Marshall and Denton were denied.
 
 
 3
 On August 31, 1982, Farmer filed this complaint seeking monetary, declaratory and injunctive relief alleging: 1) his first amendment rights were violated because he was written up and punished in retaliation for his writing Judge Duncan; 2) he was not tried before an impartial tribunal because defendant Blair (an RIB member who was named in the letter to Judge Duncan as a co-conspirator) refused to step down as an RIB member; 3) the RIB failed to provide him with adequate written reasons for the disciplinary action taken on September 24, 1980; 4) there was insufficient evidence to support either RIB decision; and, 5) he was denied adequate exercise periods outside his cell while confined in administrative control. The magistrate recommended the complaint be dismissed for the reasons stated by the defendants in their motion for summary judgment. The district court, after de novo review of Farmer's objections, dismissed the complaint as time-barred by Ohio's one year statute of limitations. The court also found that Farmer's incarceration had not tolled the running of the limitations period under Ohio Rev.Code Sec. 2305.16.
 
 
 4
 Upon review, we must vacate the district court's judgment and remand the case for further consideration of the merits of Farmer's claims. In Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc), this court held that the two year statute of limitations contained in Ohio Rev.Code Sec. 2305.10 was the appropriate limitations period to apply to a Sec. 1983 civil rights actions arising in Ohio. In addition, the running of the limitations period was tolled by Farmer's incarceration pursuant to Ohio Rev.Code Sec. 2305.16. See Hardin v. Straub, 109 S.Ct. 1998, 2003 (1989).
 
 
 5
 In this case, the disciplinary hearings at issue occurred on September 5 and September 24, 1980, and Farmer was confined in administrative control from September 24, 1980 to April 21, 1981. Thus, his complaint was timely as it was filed on August 31, 1982.
 
 
 6
 Accordingly, the district court's judgment is hereby vacated and the case remanded pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.