999 F.2d 539
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Derek A. FARMER, Plaintiff-Appellant,
v.
George F. DENTON, et al., Defendants-Appellees.
 No. 92-3811.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 1
 Before RYAN and BOGGS, Circuit Judges, and ECHOLS, District Judge.*
 
 ORDER
 
 2
 Derek A. Farmer, an Ohio state prisoner proceeding without benefit of counsel, appeals from the judgment of the district court granting summary judgment in favor of defendants. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 While an inmate at the Southern Ohio Correctional Facility (SOCF), Farmer sent a letter to then United States District Judge Robert Duncan (with copies to eighteen others) accusing defendants Blair, McGuire and Moore of certain improprieties in their investigation of the murder of an SOCF inmate. As a result of accusations made in his letter to Judge Duncan, Farmer was issued a prison misconduct ticket for giving false information and for making unfounded complaints.
 
 
 4
 On September 5, 1980, Farmer appeared before the prison's Rules Infraction Board (RIB) where he was found guilty of giving false information and found not guilty of filing unfounded complaints. He was sentenced to ten days disciplinary control. The sentence was suspended for ninety days pending Farmer's appearance before a reclassification committee where he lost his "merit" status. The RIB's decision was eventually overturned by defendant Denton on appeal. While awaiting Denton's decision, however, Farmer became involved in an altercation with defendant Corrections Officer McGuire. Farmer was charged with disobedience. A second RIB panel (chaired by defendant Corrections Officer Blair) found him guilty as charged. Farmer was sentenced to ten days in disciplinary control and to more than six months in administrative control. It was while Farmer was in administrative control that defendant Denton overturned his conviction for giving false information. Thereafter, Farmer brought suit.
 
 
 5
 The case was submitted to a magistrate judge who recommended that the complaint be dismissed on the merits. The district court, after de novo review of Farmer's objections, dismissed the complaint as time-barred by Ohio's one-year statute of limitations. The court also found that Farmer's incarceration had not tolled the running of the limitations period under Ohio Rev.Code. § 2305.16. This court vacated the district court's judgment in light of Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc) (two-year statute of limitations period applies to § 1983 cases in Ohio), and Hardin v. Straub, 490 U.S. 536, 543 (1989) (running of the limitations period tolled by incarceration pursuant to Ohio Rev.Code § 2305.16). Farmer v. Denton, No. 87-3309, 1989 WL 95415, 1989 U.S.App.LEXIS 12449 (6th Cir. Aug. 21, 1989).
 
 
 6
 Upon remand, the case was submitted to a magistrate judge who recommended that Farmer's motion for summary judgment be denied. The magistrate judge also recommended that the defendants' motion for summary judgment be denied as to Farmer's claim that the defendants violated his Fourteenth Amendment Due Process rights when the second RIB panel sentenced Farmer to disciplinary control without providing a written statement outlining the evidence upon which it relied and the reasons for the disciplinary action.
 
 
 7
 The district court affirmed the magistrate judge's report and recommendation in part and reversed in part. The court granted defendants' motion for summary judgment and denied Farmer's cross-motion for summary judgment. It is from that judgment that Farmer appeals.
 
 
 8
 We review de novo a grant of summary judgment. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate under Fed.R.Civ.P. 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Upon review, we find no error.
 
 
 9
 Accordingly, the judgment of the district court is hereby affirmed for the reasons set forth in the district court's order dated July 8, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert L. Echols, U.S. District Judge for the Middle District of Tennessee, sitting by designation