78 F.3d 585
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert RIBOVICH, Plaintiff-Appellant,
v.
John RIBAR, et al., Defendants-Appellees.
 No. 94-4158.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1996.
 
 Before: KEITH and SILER, Circuit Judges, and GIBBONS, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant, Robert Ribovich, appeals the district court's decision granting summary judgment to Defendants-Appellees, John Ribar, David Sumskis, James Herron, John T. Corrigan and the City of Cleveland, on Ribovich's claim that he was deprived of his property without due process. For the reasons discussed below we AFFIRM the judgment of the district court.
 
 I.
 
 2
 On November 27, 1985, a warrant was executed by Sumskis and Herron, two Cleveland police officers, to search for stolen vehicles and automobile parts on the property of Ribovich. Numerous automobiles and car parts were recovered from Ribovich's residence and retained for evidentiary purposes.
 
 
 3
 The evidence seized pursuant to the warrant eventually resulted in Ribovich being charged in an 11-count indictment with receipt of stolen property and tampering with identification numbers. A jury found Ribovich guilty on four tampering counts. On August 11, 1986, the court imposed a sentence of two years probation and a $500 fine. In the sentencing order, the state court also directed that all items seized from Ribovich's residence, except the four items on which the convictions were based, be returned to Ribovich.
 
 
 4
 When those items were not returned by September 3, 1986, Ribovich filed a motion in the Medina County Court of Common Pleas to have Ribar (Sheriff of Medina County) held in contempt of court. Ribar then voluntarily agreed to return the items. However, before he could do so, John Corrigan, the prosecuting attorney for Cuyahoga County, filed an affidavit in support of an application for a warrant to have the items seized from Ribovich retained in Cleveland pending the conclusion of an investigation into a stolen car ring operating in Cuyahoga County. The requested warrant was issued on September 18, 1986, and Ribovich was later indicted in Cuyahoga County on additional charges relating to stolen automobiles and stolen automobile parts.
 
 
 5
 Approximately one month after issuance of the Cuyahoga County search warrant, Ribovich returned to the Medina County Court of Common Pleas and again requested that Sheriff Ribar be held in contempt for failing to return Ribovich's property. The court denied Ribovich's motion because the property had been taken from Ribar pursuant to a lawful warrant and the seizure could therefore not be imputed to Ribar.
 
 
 6
 Ribovich subsequently filed a Petition for Writ of Mandamus on January 6, 1987, with the Medina County Court of Appeals requesting that the Medina Common Pleas Court be forced to comply with its original order requiring Ribar to return Ribovich's property. On July 15, 1987, however, the Medina County Court of Appeals ruled that the property was now in the possession of the Cleveland police department and that as a result, Ribar could not be forced to comply with the order of return.
 
 
 7
 While Ribovich's Petition for Writ of Mandamus was under consideration, the Cuyahoga County criminal charges against him were dismissed. In dismissing these charges, Cuyahoga County Court of Common Pleas Judge Thomas O. Matia asserted that Ribovich was now "[g]ranted leave of court to file motion for return of property" in Cuyahoga County. However, Ribovich failed to take any action on his property until January 27, 1992. Unfortunately, by that time Ribovich's property could no longer be located and his motion was dismissed without explanation.
 
 
 8
 On November 10, 1993, Ribovich filed an action in federal district court against Ribar, Herron, Corrigan and the City of Cleveland claiming that his property had been taken from him without due process of law in violation of 42 U.S.C. § 1983. The district court subsequently granted the defendants' motion for summary judgment because it concluded that Ribovich's claims were barred by the applicable statute of limitations.
 
 
 9
 Ribovich filed a timely notice of appeal with this Court.
 
 II.
 
 10
 This court reviews a district court's granting of summary judgment de novo. American Casualty Co. v. FDIC, 39 F.3d 633, 636 (6th Cir.1994). A motion for summary judgment should only be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id.
 
 
 11
 In this case, the sole issue is whether the statute of limitations has run on Ribovich's § 1983 claim. None of the parties contest that under Ohio law, civil rights claims brought pursuant to 42 U.S.C. § 1983 must be filed within two years of the date of their accrual. Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc). Rather, the parties dispute the time at which the limitations period began to run on Ribovich's claim.
 
 
 12
 Although state law determines the length of time in which a plaintiff can bring a § 1983 claim, "federal law governs the question of when a limitations period begins to run." LRL Properties v. Portage Metro Housing Auth., 55 F.3d 1097, 1107 (6th Cir.1995). Under federal law, the statute of limitations begins to run when the plaintiff "knows or has reason to know of the injury which is the basis of his action." Sevier v. Turner, 742 F.2d 262, 273 (6th Cir.1984). Moreover, a plaintiff is deemed to have reason to know of his injury when he or she should have discovered it through the exercise of reasonable diligence. Id.
 
 
 13
 Ribovich asserts that he was not aware of the existence of his due process claim against any of the defendants until January 27, 1992, when he filed a motion with the Cuyahoga County Court of Common Pleas for the return of his property. However, this contention is clearly without merit.
 
 
 14
 As to defendant Ribar, from September 3, 1986, until July 15, 1987, Ribovich diligently pursued his state law remedies to obtain the return of his property. During that time, Ribovich continuously asserted that his property was being wrongfully detained by Ribar. As a result, it is unreasonable to assert that Ribovich did not realize his property was being unlawfully possessed until January 27, 1992. Indeed, on July 15, 1987, Ribovich's application for Writ of Mandamus was denied and he learned in no uncertain terms that Ribar was no longer in possession of his property. Thus, at the very least, by this date Ribovich should have realized that Ribar could not be retaining his property for legitimate prosecutorial purposes. Ribovich's failure to file his federal claim against Ribar within two years of July 15, 1987, results in his action now being barred by the statute of limitations.
 
 
 15
 As to defendants, Corrigan, Sumskis, Herron and the City of Cleveland, Ribovich had reason to know of his federal claims against them, at the very latest, as of April 15, 1987. On that date, the Cuyahoga County Court of Common Pleas asserted that all Cuyahoga County charges against Ribovich relating to the seized property had been dismissed. Indeed, the court took the additional step of specifically inviting Ribovich to file a claim with the court for the return of his property. However, Ribovich, after continually battling for over seven months to regain possession of his property, mysteriously chose to ignore the court's invitation to file a motion to regain the seized items.
 
 
 16
 Ribovich asserts that this delay was justified because under Ohio law the state has a duty to take reasonable steps to return property when it is no longer needed for evidentiary purposes. Ribovich contends that he was never given notice that his property was not needed and that as a result he was unaware that his property was unlawfully detained. However, this argument fails because even if the state was under an obligation to attempt to return Ribovich's property to him, the deciding factor is whether Ribovich should have realized he had a federal cause of action. As noted above, under a reasonable diligence standard, Ribovich should have realized he had a claim within two years of the date (April 15, 1987) he learned that all of the charges against him in Cuyahoga County had been dismissed. The court' invitation to Ribovich to file a motion for the return of his property was a clear indication that the property was no longer being held for legitimate evidentiary purposes. Thus, Ribovich's claim, which was not brought against the Cuyahoga defendants until more than six years later, is barred by the statute of limitations.
 
 Conclusion
 
 17
 For the foregoing reasons, this Court AFFIRMS the decision of the Honorable Solomon Oliver Jr. granting defendants' motion for summary judgment.
 
 
 
 [1]
 The Honorable Julia S. Gibbons, Chief Judge of the United States District Court for the Western District of Tennessee, sitting by designation