85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard D. MURRAY, Plaintiff-Appellant,
v.
Henry CRAMBLETT; Peter Vitucci; John Rohal; Joan Fishel;
Charles Clark; the State Medical Board of Ohio;
John Doe, Defendants-Appellees.
 No. 95-3363.
 United States Court of Appeals, Sixth Circuit.
 May 8, 1996.
 
 Before: SUHRHEINRICH and SILER, Circuit Judges; EDMUNDS, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Richard Murray appeals the magistrate judge's dismissal of his claims under 42 U.S.C. § 1983 and state law. For the reasons that follow, we affirm the decision of the magistrate judge, sitting by consent of the parties under 28 U.S.C. § 636(c).
 
 I.
 
 2
 In 1988, the State Medical Board of Ohio ("Medical Board") began its investigation of allegations that then Dr. Murray, a physician, illegally prescribed anabolic steroids to his patients to increase their muscle mass and improve their athletic ability. After an administrative hearing at which Murray and his counsel presented evidence on his behalf, the Medical Board revoked his license to practice medicine on October 13, 1989. Murray appealed, and the state court of common pleas affirmed the revocation of his license. In January 1992, the state court of appeals reversed, holding that the Medical Board failed to comply with Ohio law in promulgating the administrative rule which prohibits the prescription of steroids for athletic enhancement. In 1993, the Ohio Supreme Court reversed the court of appeals, held that the administrative rule had been properly promulgated, and reinstated the revocation of Murray's medical license.
 
 
 3
 On January 13, 1993, Murray filed suit in state court against the defendants. By February 25, 1994, Murray had voluntarily dismissed all of the claims in his complaint. He then filed suit in federal court on March 21, 1994, alleging violations of § 1983 and various state laws based upon the defendants' actions in connection with the revocation of his license. The defendants filed a motion to dismiss Murray's complaint for failure to state a claim upon which relief could be granted. FED.R.CIV.P. 12(b)(6). On March 3, 1995, the defendants' motion to dismiss was granted because Murray's case was time-barred by the applicable statute of limitations.
 
 II.
 
 4
 Murray cites authority from Ohio state courts for the proposition that Ohio's four-year statute of limitations[1] applies to § 1983 actions. In Browning v. Pendleton, 869 F.2d 989, 990 (6th Cir.1989) (en banc ), this court addressed the same issue raised by Murray's appeal and concluded: "we hold that the two-year limitations period; viz., Ohio Rev.Code Ann. § 2305.10,[2] is the appropriate statute of limitations for actions arising in Ohio under 42 U.S.C. S 1983." To determine whether Murray's case is barred by the statute of limitations, we must ascertain when his cause of action accrued. Murray mistakenly argues that his cause of action accrued when the Ohio Supreme Court reinstated the revocation of his license in 1993. In Collard v. Kentucky Bd. of Nursing, 896 F.2d 179 (6th Cir.1990), this court held that "the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." Id. at 183 (citation omitted). The Collard court specifically found that the plaintiff's cause of action accrued no later than the Kentucky Board of Nursing's final decision to discipline her. Id. at 183-84. Because the final decision to revoke Murray's license was entered by the Medical Board on October 13, 1989, his cause of action accrued no later than that date. Thus, the statute of limitations period expired before he filed his federal complaint in 1994.
 
 III.
 
 5
 Accordingly, the decision of the magistrate judge is hereby AFFIRMED.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 See OHIO REV.CODE § 2305.09(D)
 
 
 [2]
 The relevant language of Ohio Revised Code § 2305.10 provides: "An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."