86 F.3d 1155
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patrick J. KEARNEY, Plaintiff-Appellant,
v.
DEPARTMENT OF INDUSTRIAL RELATIONS, STATE OF OHIO, et al.,
Defendants-Appellees.
 No. 95-3802.
 United States Court of Appeals, Sixth Circuit.
 May 31, 1996.
 
 1
 Before: SILER and BATCHELDER, Circuit Judges; CARR, District Judge.*
 
 ORDER
 
 2
 Patrick J. Kearney, a pro se Ohio plaintiff, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. §§ 1983 and 1985. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Kearney sued the Ohio Department of Industrial Relations and its Director, Division Chief, and Assistant Division Chief. The individual defendants were sued in their individual and official capacities. Kearney alleged that defendants conspired to violate his civil rights, resulting in his wrongful discharge, a false arrest, a false imprisonment, and wrongful indictments.
 
 
 4
 The district court dismissed the suit pursuant to Fed.R.Civ.P. 12(b)(6), reasoning that Kearney's action was time-barred under Ohio's two-year statute of limitations. See Ohio Rev.Code Ann. § 2305.10. In his timely appeal, Kearney argues that the district court incorrectly applied the statute of limitations.
 
 
 5
 We note that the Ohio Department of Industrial Relations is immune from suit in federal court under the Eleventh Amendment because it is a state agency. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984). Unless Eleventh Amendment immunity is expressly waived, a state and its agencies are immune from an action for damages and injunctive relief in federal court. See id. However, the Eleventh Amendment poses no absolute bar against state officials in their official capacity, Edelman v. Jordan, 415 U.S. 651, 666-68 (1974); Ex parte Young, 209 U.S. 123, 159-60 (1908), nor does it bar suit against state officials in their individual capacity. Hafer v. Melo, 502 U.S. 21, 31 (1991). Thus, the suit may proceed against the individual defendants.
 
 
 6
 We also note that the district court's reasoning that Kearney's suit is time-barred is clearly applicable to some, but not all of his claims. Kearney filed his suit on September 9, 1993. Thus, his wrongful discharge claim is time-barred because he did not file suit within ninety days after he received his right-to-sue letter, dated October 7, 1992. See 42 U.S.C. § 2000e-5(f)(1). His claims for false arrest and imprisonment resulting from the April 17, 1990, arrest also are barred because he did not file suit within two years. See Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989); Harris v. Board of Educ., 798 F.Supp. 1331, 1345 (S.D.Ohio 1992). However, the claims arising from two felony indictments which were secured on unspecified dates after April 17, 1990, may be within the statute of limitations and are not clearly barred. Nonetheless, the district court still properly dismissed the suit because the complaint failed to state a claim upon which relief could be granted with regard to these two indictments.
 
 
 7
 Whether the district court correctly dismissed a suit pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Wright v. MetroHealth Medical Ctr., 58 F.3d 1130, 1138 (6th Cir.1995). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Id.
 
 
 8
 Kearney's complaint alleges that after the April 17, 1990, arrest, he was wrongly indicted on two separate indictments, both of which were eventually dismissed. The complaint does not allege that Kearney was arrested in connection with either indictment, nor does the complaint identify precisely which of Kearney's substantive rights were violated. Rather, the complaint contains only conclusory allegations that Kearney was wrongfully indicted. Such allegations are not sufficient to state a claim under § 1983. Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986). Furthermore, the mere prosecution of Kearney does not create a constitutional claim under § 1983. See Braley v. City of Pontiac, 906 F.2d 220, 227 (6th Cir.1990). Where this circuit has recognized a claim under § 1983 for malicious prosecution, "it was not the prosecution itself that formed the substance of the constitutional violation; it was rather that the prosecution had the effect of causing a violation of a constitutional guarantee." Id. Kearney's complaint alleges no facts to support a finding that his prosecution had the effect of violating any constitutional right.
 
 
 9
 Kearney's complaint also failed to state a § 1985 claim for conspiracy. Kearney did not allege that he was a member of a protected class or that the alleged conspiracy was motivated by racial or other class-based invidiously discriminatory animus. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Thus, Kearney did not allege all material elements of his claim. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir.1988).
 
 
 10
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation