96 F.3d 1448
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eunice JUSTICE, Plaintiff-Appellant,
v.
JEFFERSON PILOT INSURANCE COMPANY; John R. Cauble; State
of Ohio; Larry Loney; Joseph M. Russo; State of Ohio
Department of Insurance; Harold T. Duryee; Noel Morgan;
Gretchin Margraf; Phyllis Brant; William L. Katyaski,
Defendants-Appellees.
 No. 95-4129.
 United States Court of Appeals, Sixth Circuit.
 Sept. 4, 1996.
 
 S.D.Ohio, Nos. 93-01007, 93-01082; John D. Holschuh, Judge.
 S.D.Ohio
 AFFIRMED.
 Before: GUY, RYAN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Eunice Justice, an Ohio citizen, appeals pro se the judgment of the district court in this case alleging violations of her civil rights as well as state laws. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Justice filed two actions for monetary relief, one in state court and one in federal court, against an insurance company and three of its former employees, the State of Ohio, the state Department of Insurance (SDI), and five employees of SDI. She alleged that the defendants had violated her constitutional rights and were also guilty of fraud and breach of contract under state law. The state action was removed to federal court, where the two actions were consolidated. Review of the complaints shows that Justice purchased a retirement insurance policy from the insurance company in 1975. In 1988, the cash value of the policy was applied to an annuity. Justice expressed dissatisfaction with the annuity, and disputed whether she had initiated the conversion of her policy or ever accepted the annuity. As a result, in 1989, the insurance company agreed to reinstate her original policy as if the annuity had never been issued. Justice alleges that, during this transaction, the terms and benefits available to her under the original policy were changed to her detriment. However, she does not have a copy of the original policy, and the insurance company retained only a copy of the first page when the policy was converted to the annuity in 1988. Accordingly, Justice has refused to elect any of the payment options available under the policy, but has instead filed complaints with the SDI, which she alleges were not properly investigated.
 
 
 3
 In an order entered August 18, 1994, the district court dismissed several of the claims and defendants. The remaining claims were the federal claims against the state employees in their individual capacities, and the claims against the insurance company and its former employees. These defendants moved for summary judgment. The district court granted summary judgment to the state employees, both because Justice had failed to produce any evidence in support of her allegations that these defendants failed to properly investigate her complaints and conspired to violate her constitutional rights, and because they were entitled to qualified immunity. See Davis v. Holly, 835 F.2d 1175, 1178-79 (6th Cir.1987). Similarly, summary judgment was granted to the insurance company and its employees on the federal claims both because Justice produced no evidence to support her allegations that they conspired to violate her constitutional rights, and because these claims were barred by the statute of limitations. See Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989). The state law claims against the latter defendants were dismissed without prejudice.
 
 
 4
 Upon review, we affirm the district court's orders for the reasons stated in its opinions. Rule 9(b)(3), Rules of the Sixth Circuit.