103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jesse LUMPKIN, aka Jesse Lumpkins, Plaintiff-Appellant,
v.
Reginald WILKINSON, et al., Defendants-Appellees.
 No. 95-3992.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1996.
 
 Before: LIVELY, NELSON, and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Jesse Lumpkin (aka Jesse Lumpkins), a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lumpkin sued fourteen state prison officials in their individual and official capacities. Asserting violations of his equal protection and due process rights, he alleged that a prison disciplinary board found him guilty of drug infractions and placed him in administrative segregation despite a lack of evidence and without determining the credibility of an informant. Lumpkin also asserted a supplemental state law claim. The district court dismissed the case pursuant to Fed.R.Civ.P. 12(b)(6), reasoning that it was barred by a two-year statute of limitations. See Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc) (holding that the limitations period for § 1983 suits arising in Ohio is two years).
 
 
 3
 In his timely appeal, Lumpkin argues that circumstances were present for equitable tolling of the statute of limitations; that his placement in administrative segregation constituted a continuing violation; that discovery should have been permitted; and that he should have been allowed to amend his complaint.
 
 
 4
 We note initially that Lumpkin's claim for restoration of good-time credits is not cognizable under § 1983, but must be pursued in a petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973). The claims for alleged equal protection and due process violations are actionable under § 1983, because Lumpkin "is seeking something other than immediate or more speedy release." Id. See also Heck v. Humphrey, 114 S.Ct. 2364, 2370 (1994).
 
 
 5
 Upon review, we conclude that the district court properly granted the defendants' motion to dismiss. The statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of his action. Friedman v. Estate of Presser, 929 F.2d 1151, 1159 (6th Cir.1991). Lumpkin's suit is based on an allegedly improper finding of guilt, and the statute began to run on February 11, 1993, the date on which Lumpkin was found guilty. The two-year limitations period had expired by March 17, 1995, when Lumpkin filed his complaint.
 
 
 6
 Lumpkin's arguments on appeal are without merit. First, Lumpkin's contention that equitable tolling should apply in this case was not presented to the district court in the response to the defendant's motion to dismiss, and therefore should not be considered on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Second, the facts alleged do not show a continuing violation; Lumpkin points to nothing more than the continuing ill effect of placement in administrative segregation. See McCune v. City of Grand Rapids, 842 F.2d 903, 905 (6th Cir.1988). Next, the court did not err in failing to grant Lumpkin leave to amend his complaint; Lumpkin never filed a motion to amend, and the court had no duty to act sua sponte. Likewise, Lumpkin's failure to conduct discovery after the case management conference was not caused by any error of the district court, but was the result of Lumpkin's own mistaken belief that he was not permitted to conduct discovery.
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.