Daniel BROWNING, d/b/a Daniel
Browning Excavating Co.;
Linda Browning, Plaintiffs–Appellants,

v.

Craig R. PENDLETON, et al.,
Defendants–Appellees.

No. 86–4123.

United States Court of Appeals,
Sixth Circuit.

Reargued Dec. 7, 1988.
Decided March 16, 1989.

David S. Mann (argued), Rhonda S. Morris, Cincinnati, Ohio, for plaintiffs-appellants.

Timothy A. Oliver, Asst. Pros. Atty., Lebanon, Ohio, R. Gary Winters (argued), Cincinnati, Ohio, for defendants-appellees.

Before ENGEL, Chief Judge; KEITH, MERRITT, KENNEDY, MARTIN, JONES, KRUPANSKY, WELLFORD, MILBURN, GUY, NELSON, RYAN, BOGGS, and NORRIS, Circuit Judges; and LIVELY, Senior Circuit Judge [*].

MILBURN, Circuit Judge.

We granted en banc rehearing in this civil rights action thereby vacating a prior unreported decision of a panel of our court. We did so in order to resolve an inconsistency between two decisions by different panels of our court in selecting the appropriate state statute of limitations for civil rights actions filed pursuant to 42 U.S.C. § 1983 (1982) as required by the Supreme Court in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). *Compare Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir.) (per curiam), *cert. denied* 479 U.S. 923, 107 S.Ct. 330, 93 L.Ed.2d 302 (1986), *with Mulligan v. Hazard*, 777 F.2d 340 (6th Cir.1985), *cert. denied*, 476 U.S. 1174, 106 S.Ct. 2902, 90 L.Ed.2d 988 (1986). Simply stated, the question before us is whether the appropriate statute of limitations for section 1983 actions arising in Ohio is contained in Ohio Rev.Code Ann. § 2305.11 (Anderson 1988), which provides that all actions for intentional torts must be brought within one year of their accrual, or Ohio Rev.Code Ann. § 2305.10 (Anderson 1988), a general statute which requires that actions for bodily injury be filed within two years after their accrual. For the reasons that follow, we hold that the two-year limitations period; *viz.*, Ohio Rev.Code Ann. § 2305.10, is the appropriate statute of limitations for actions arising in Ohio under 42 U.S.C. § 1983.

## I.

This action arises out of the appellants' operation of a gravel business in Warren County, Ohio. The appellees are the former and present sheriff, county commissioners, county engineer, and board of commissioners in Warren County, Ohio. The appellants contend that the appellees, with intent to force them to close their gravel business, selectively enforced low load limits and failed to maintain certain county roads over which the appellants needed to travel to operate their business. The appellants also allege that the appellees' actions forced them to file for reorganization under Chapter 11 of the Bankruptcy Code and subsequently forced them to convert into a Chapter 7 proceeding. Their gravel business was sold at a sheriff's sale on October 17, 1983.

The appellants filed this action on July 1, 1985, pursuant to 42 U.S.C. § 1983, alleging that the appellees acted in violation of their rights of equal protection and due process as guaranteed by the Fourteenth Amendment to the United States Constitution. On December 24, 1985, after the matter had been referred to a magistrate, the appellees filed a motion for judgment on the pleadings, contending that the action was time barred. On March 10, 1986, the magistrate issued a Report and Recommendation that the motion for judgment on the pleadings be granted in light of *Mulligan v. Hazard, supra*, wherein a panel of this court adopted a one-year statute of limitations for section 1983 actions arising in Ohio. On November 7, 1986, the district court entered an order adopting the Report and Recommendation and granting the defendants' motion for judgment on the pleadings. This timely appeal followed.

## II.

In *Wilson*, the Court held that in each state a single statute of limitations should be borrowed for section 1983 claims and

[*] Honorable Pierce Lively took senior status effective January 1, 1989.

that the period favored should be the one governing "[g]eneral personal injury actions, sounding in tort...." 471 U.S. at 279, 105 S.Ct. at 1949. However, the Court had no occasion to decide the issue presented in this case where a state, such as Ohio, has different limitations periods for intentional and unintentional personal injury actions.

One of this court's first occasions to apply the Supreme Court's holding in *Wilson* occurred in *Mulligan,* wherein the panel selected Ohio Rev.Code Ann. § 2305.11, the one-year provision for intentional torts, as the appropriate limitations period. The *Mulligan* panel explained:

> As the Supreme Court noted in *Wilson,* Congress enacted the Civil Rights Act of 1871 in order to combat the violence that was being perpetrated by the Ku Klux Klan and other organizations against the newly emancipated slaves. The concern of Congress, thus, was with perpetrators of intentional tortious conduct. While both §§ 2305.10 and 2305.11 theoretically encompass intentional tort actions, § 2305.11, which applies to actions involving assaults, batteries and the like, more specifically encompasses the sorts of actions which concerned Congress as it enacted the civil rights statutes. Accordingly, we hold that the one year limitations period contained in § 2305.11 governs Mulligan's actions.

777 F.2d at 344 (footnote omitted).

A subsequent panel of this court rendered a theoretically conflicting opinion in *Carroll,* 782 F.2d 44, wherein this court had to determine which Michigan statute of limitations was to be applied to section 1983 actions. There were three possible limitations periods from which the court could choose. Mich.Comp.Laws Ann. § 600.5805(2)–(6) (West 1987) provides that the limitations period for actions charging assault, battery, false imprisonment, malicious prosecutions, malpractice, and actions against a sheriff or constable based on their negligence or misconduct is two years. Mich.Comp.Laws Ann. § 600.5805(7) provides that the limitations period is one year for actions charging libel

or slander. Finally, Mich.Comp.Laws Ann. § 600.5805(8) provides for a three-year limitations period for all other actions for personal or property injury. The panel in *Carroll* concluded, without explanation, that the action "was subject to the three-year statute of limitations for personal injury claims set forth in MCLA § 600.5805(8)." *Id.* at 45.

Thus, it is evident that the holdings in *Mulligan* and *Carroll* are inconsistent with regard to the appropriate statute of limitations in states wherein different limitations periods exist for intentional torts causing personal injury and nonintentional personal injury actions. Moreover, the circuit courts of appeal have split on this issue. *Compare Jones v. Preuit & Mauldin,* 763 F.2d 1250 (11th Cir.1985) (selecting intentional tort limitations period), *cert. denied,* 474 U.S. 1105, 106 S.Ct. 893, 88 L.Ed.2d 926 (1986); and *Gates v. Spinks,* 771 F.2d 916 (5th Cir.1985) (same), *cert. denied,* 475 U.S. 1065, 106 S.Ct. 1378, 89 L.Ed.2d 603 (1986), *with Meade v. Grubbs,* 841 F.2d 1512 (10th Cir.1988) (selecting general personal injury statute); and *Small v. Inhabitants of Belfast,* 796 F.2d 544 (1st Cir.1986) (same).

The Supreme Court has resolved this conflict in its holding in *Owens v. Okure,* — U.S. ——, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), wherein the Court rejected the approach adopted by this court in *Mulligan.* The Court unanimously held that when a state, like Ohio, has multiple statutes of limitation for personal injury actions, the appropriate state statute of limitations to borrow for claims brought under 42 U.S.C. § 1983 is the residual or general personal injury statute of limitations, not any statute of limitations for specific intentional torts. *Id.* 109 S.Ct. at 582.

In the present case, the appellees argue that the appellants' cause of action accrued more than two years before this action was filed and, therefore, it is untimely under Ohio Rev.Code Ann. § 2305.10. The appellants concede that their cause of action accrued no later than October 17, 1983, more than one year but less than two years prior to the filing of their action. In light of this concession, the district court had no

occasion to determine the accrual date of this action once it determined that the one-year limitations period adopted in *Mulligan* was controlling. Since the issue of the accrual of the appellants' cause of action has not been fully developed, it should be resolved by the district court on remand.

### III.

Accordingly, we hold that the appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev.Code Ann. § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual. In light of the Supreme Court's holding in *Owens*, our holding in *Mulligan v. Hazard, supra,* is hereby overruled. The judgment of the district court is REVERSED, and this case is REMANDED for further proceedings consistent with this opinion. We express no view as to the eventual outcome of this case.

NATHANIEL R. JONES, Circuit Judge, concurring.

Although I agree with the majority's decision, I write separately because the majority's opinion glosses over the full import of the Supreme Court's decision in *Owens v. Okure,* —— U.S. ——, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), as it applies to this court's section 1983 jurisprudence. The *Owens* decision goes beyond merely holding that the forum state's "general or residual" statute of limitations for personal injury actions applies to section 1983 claims. *Ante,* at 991. The Court also reaffirmed its earlier decision in *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and specifically held that section 1983 provides for a broad spectrum of actions for injury to personal rights. At the same time, the Court explicitly rejected this court's position in *Mulligan v. Hazard,* 777 F.2d 340 (6th Cir.1985), *cert. denied,* 476 U.S. 1174, 106 S.Ct. 2902, 90 L.Ed.2d 988 (1986), which held that the intentional tort analogy "more specifically encompassed the sorts of actions which concerned Congress as it enacted the civil rights statutes." *Id.* at 344.

In *Wilson,* the Court emphasized that the federal interest in protecting rights guaranteed by the Fourteenth Amendment, and the concomitant concern that a claimant whose rights have been violated be afforded a reasonable period to seek redress for personal injury, requires the rejection of "residual" or "catch-all" limitations for section 1983 claims. The *Wilson* Court observed that "[i]t is most unlikely that the period of limitations applicable to such claims ever was, or ever could be fixed in a way that would discriminate against federal claims, or be inconsistent with federal law in any respect." *Wilson,* 471 U.S. at 279, 105 S.Ct. at 1949. Justice Marshall, for a unanimous Court in *Owens,* observed that a state's statute of limitation's period for intentional torts "would be manifestly inappropriate" because of the diversity of individual states' limitations periods and because adopting such a rule would, in effect, compound the "conflict, confusion and uncertainty," *see Wilson,* 471 U.S. at 266, 105 S.Ct. at 1941, which the *Wilson* Court attempted to rectify. *Owens,* 109 S.Ct. at 578.

The *Owens* Court reaffirmed the holding in *Wilson,* by stating that analogizing state causes of action to section 1983 claims is inherently arbitrary because many section 1983 "claims bear little if any resemblance to the common-law intentional tort." *Id.* Moreover, the Court rejected the intentional tort analogy because it "reflects a profound misunderstanding of § 1983's history." *Id.* 109 S.Ct. at 581 n. 11. Specifically, the Court observed that the Civil Rights Act of 1871 ("Act"), section 1983's predecessor, was enacted by Congress as a result of the Ku Klux Klan's coordinated campaign of violence which resulted in the denial of citizens' civil and political rights. *Id.* Relying on *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), the Court further observed that while the Act was partially intended to prevent intentional torts committed by the Klan and its constituency, Congress's more important concern was providing a federal remedy for the unauthorized conduct of state officials who frequently failed or refused to protect

the federal rights of blacks in the post-Civil War South. *Owens*, 109 S.Ct. at 581 n. 11.

Because the rights enforceable under section 1983 include those federal rights protected by the Fourteenth Amendment, the *Wilson* Court reasoned that section 1983 claims "are best characterized as personal injury actions," and a longer limitations period is mandated in order to ensure that the federal interest vindicated by the legislation would not be unduly diminished. *Wilson*, 471 U.S. at 280, 105 S.Ct. at 1949. While the *Owens* Court did not reach the question of whether the federal interest would be violated if a one-year limitations period were applied to section 1983 claims, the Court nevertheless concluded that because of the diversity of state statutes of limitations for intentional torts, adoption of the residual statute for personal injury actions would be consistent with the broad range of section 1983 claims.

This court held in *Mulligan* that the applicable Ohio statute of limitations for section 1983 cases was Ohio Rev.Code Ann. § 2305.11, the intentional tort provision. In *Owens*, the Supreme Court rejected both the *rationale and result* of our decision in *Mulligan* and reaffirmed the reasoning of *Wilson v. Garcia*. I write separately to underscore that fact.