876 F.2d 894
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobbie Clinton BAKER, Plaintiff-Appellant,
v.
Luis CUMBA, Police Officer, City of Cleveland, Reginald
Turner, John Roe, Officer of 2nd District; John Doe (1, 2,
3, 4, 5, 6, 7), Police Officers, Mitchell Brown, Joseph
Ferenec, James Mishic, Adrian Candelaria; and Richard Wolf,
Defendants-Appellees.
 No. 87-3789.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1989.
 
 Before KENNEDY, NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 Bobbie Clinton Baker, a pro se Ohio prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Secs. 1983, 1985(3), 1986 and 1988. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On May 11, 1983, Baker was involved in a car collision with a police cruiser driven by defendant Cumba, a Cleveland, Ohio police officer. As a result of the incident, Baker was arrested and charged with driving while under the influence and failure to stop at a stop sign. Seeking monetary and declaratory relief, Baker filed this suit alleging numerous constitutional violations including false arrest, failure of the officers to inform him of his Miranda rights, malicious prosecution, illegal search and seizure, denial of medical care, unsanitary living conditions, infringement of his first amendment rights, and conspiracy to cover up the incident. The magistrate recommended that the complaint be dismissed as time-barred by Ohio's one-year statute of limitations. Baker filed objections arguing that either a two or four year limitations period should apply. The district court adopted the magistrate's recommendation to dismiss, and also declined to exercise its jurisdiction over the pendent state claims.
 
 
 3
 Upon review, we must vacate the district court's judgment and remand the case for further consideration of the merits of Baker's claims. In Owens v. Okure, 109 S.Ct. 573 (1989), the Supreme Court held that where state law provides multiple statutes of limitations for personal injury actions, courts considering Sec. 1983 claims should borrow the general or residual statute for personal injury actions. See Owens, 109 S.Ct. at 582. In Browning v. Pendleton, 869 F.2d 989 (6th Cir.1989) (en banc), this court held that the two year statute of limitations contained in Ohio Rev.Code Sec. 2305.10 was the appropriate limitations period to apply to a Sec. 1983 civil rights action arising in Ohio.
 
 
 4
 In this case, the acts complained of occurred on May 11, 1983. The complaint was filed on May 7, 1985. Thus, under Owens and Browning, Baker's complaint was timely as it was filed within two years after his cause of action accrued.
 
 
 5
 Accordingly, the district court's judgment is hereby vacated and the case remanded pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.