881 F.2d 1077
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry RICHTER, Jr., Plaintiff-Appellant,
v.
T.D. TAYLOR, George Denton, Padet Wattanasarn, M.D., Lou Ann
Smith, R.N., Sharon Schnake, R.N., Defendants-Appellees.
 No. 86-4140.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1989.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Harry Richter appeals the district court's judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App. P. 34(a).
 
 
 2
 Richter claimed the defendants violated his rights under the eighth amendment when they denied him nutritional meals and medical treatment for his broken femur in September of 1982. The district court granted the defendants judgment on the pleadings, concluding that the action was untimely under Ohio's one year statute of limitations for personal injury actions, Ohio Rev.Code Sec. 2305.11.
 
 
 3
 Upon consideration, we vacate the district court's judgment and remand this action for further consideration. Section 1983 actions arising in a state that has multiple statutes of limitations for personal injury actions, as Ohio, are governed by the state's general or residual statute of limitations for personal injury actions. See Owens v. Okure, 109 S.Ct. 573 (1989). We have held that the appropriate limitations period for Sec. 1983 actions arising in Ohio is the two-year period contained in Ohio Rev.Code 2305.10. Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989).
 
 
 4
 Richter's action was timely as it was commenced on August 8, 1984, less than two years after the cause of action accrued on September 14, 1982.
 
 
 5
 Accordingly, the district court's judgment is hereby vacated and the cause is remanded for further consideration. Rule 9(b)(6), Rules of the Sixth Circuit.