886 F.2d 330
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lenardo CROOKS, Plaintiff-Appellant,
v.
Lincoln J. STOKES; Norman A. Murdock; Robert A. Taft, II;
Joseph M. Decourcy; William A. Withworth; Richard P.
Seiter; Ted Engel; Terry D. Taylor; Thomas J. Stickrath;
Delores Brown; Walter E. Stevens, Jr., Defendants-Appellees.
 No. 87-3860.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1989.
 
 1
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and THOMAS A. WISEMAN, Jr., Chief District Judge.*
 
 ORDER
 
 2
 Lenardo Crooks, a former Ohio prisoner who is represented by counsel, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 As a result of a motorcycle accident, Crooks is an incomplete spastic quadriplegic. Seeking monetary relief, he sued the defendant prison officials alleging his eighth amendment rights were violated while he was incarcerated in the Hamilton County Ohio Community Correctional Institute (CCI) and the Orient Correctional Institute (the Orient). Specifically, Crooks alleged that the defendants were deliberately indifferent to his serious medical needs in that they denied him his prescribed medication, physical therapy and electrode pads for his TENS unit (which apparently is an electronic device which assists Crooks with his pain and spasticity). Crooks also alleged that he sustained falls because he was inadequately supervised, and that he was given a defective wheelchair while at the Orient. Plaintiff also asserted pendent state claims for negligence.
 
 
 4
 The magistrate recommended the complaint be dismissed as to defendants Stokes, Murdock, Taft, DeCourcy and Withworth (the county defendants) because it was time-barred by Ohio's one year statute of limitations. The magistrate also found that Crooks's incarceration did not toll the running of the limitations period under Ohio Rev.Code Sec. 2305.16. The magistrate further recommended the action be stayed as to defendants Seiter, Taylor, Strickrath and Brown (the state defendants) pending this court's decision in Leaman v. Ohio Dep't of Mental Retardation, 825 F.2d 946 (6th Cir.1987) (en banc), cert. denied, 108 S.Ct. 2844 (1988), which held that under Ohio Rev.Code Sec. 2743.02, a civil suit against the state filed in the Ohio Court of Claims can legally waive any other cause of action a plaintiff may have against the state's employees. Later, citing Leaman as controlling, the district court, without opinion, lifted the stay, granted defendants' motion and dismissed the remaining defendants. Apparently, this dismissal also included defendant Dr. Stevens although he was not named in the state defendants' motion to dismiss nor did he file a motion on his own behalf.
 
 
 5
 On appeal, Crooks argues that either a two year statute of limitations should apply, or his imprisonment should have tolled the running of the limitations period under Ohio Rev.Code Sec. 2305.16. As to the state defendants, Crooks argues that the waiver provision of Ohio Rev.Code Sec. 2743.02 ought not be allowed to frustrate the intent of the federal civil rights statutes. Crooks also argues that the district court erred in sua sponte dismissing Dr. Stevens, and in dismissing his pendent state claims with prejudice.
 
 
 6
 Upon review, we must vacate the district court's judgment and remand the case for further proceedings. The two year statute of limitations contained in Ohio Rev.Code Sec. 2305.10 is the limitations period applied to civil rights actions arising in Ohio. See Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc). Moreover, Crooks's incarceration did toll the running of the limitations period. See Hardin v. Straub, 109 S.Ct. 1998, 2003 (1989). In this case, the acts or omissions complained of occurred between March 2, 1984 through March 19, 1984 during Crooks's first stay at CCI. Crooks's complaint was filed on March 4, 1986. Thus, the complaint was timely as to the county defendants as the complaint was filed within two years after Crooks's cause of action accrued.
 
 
 7
 We must also vacate the district court's judgment as to the state defendants for an additional reason. Citing Leaman, the district court found that under Ohio Rev.Code Sec. 2743.02, Crooks had waived his federal cause of action because he had filed a similar suit against the state in the Ohio Court of Claims. See Leaman, 825 F.2d at 951-52. The statute also provides, however, that the waiver provision is not applicable where the acts complained of are done maliciously or are done outside the scope of the employee's employment. The statute further provides that the Ohio Court of Claims has exclusive jurisdiction in the first instance to determine whether the state employee acted improperly. See Ohio Rev.Code Sec. 2743.02(F). The Ohio Court of Claims has not yet issued its decision. We therefore remand this case with instructions that the district court enter an order dismissing the state defendants. This dismissal order shall provide however that in the event the Ohio Court of Claims rules that the state defendants acted outside the scope of their employment, Crooks will have the right to reinstate his claims against the state defendants by presenting an order to the district court from the Ohio Court of Claims within sixty (60) days of that court's decision. See White v. Gerbitz, 860 F.2d 661, 665 (6th Cir.1988), cert. denied, 109 S.Ct. 1160 (1989). Also, implicit in our holding is that the statute of limitations on Crooks' federal claims are tolled during the interim.
 
 
 8
 Lastly, the district court's opinion regarding defendant Dr. Stevens is not altogether clear. Dr. Stevens was not named in the state defendants' motion to dismiss nor did he file a motion on his own behalf. Nonetheless, the action should also be stayed as to Dr. Stevens pending a decision from the Ohio Court of Claims because Stevens is considered a state actor for Sec. 1983 purposes. See West v. Atkins, 108 S.Ct. 2250, 2258-60 (1988) (a private physician under contract with the state to provide medical services to inmates at a state prison on a part-time basis is a state actor for Sec. 1983 purposes).
 
 
 9
 Accordingly, the district court's judgment is hereby vacated and the case remanded for further proceedings consistent with this opinion. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief U.S. District Judge for the Middle District of Tennessee, sitting by designation