963 F.2d 373
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold CLAYPOOLE, Plaintiff-Appellant,
v.
HAMILTON COUNTY DEPARTMENT OF HUMAN SERVICES; Donald
Thomas; Ohio Department of Human Services; Terry A.
Wallace, Director; Stark County Department of Human
Services; Donald Pond; Stark County Sheriff; J. Babe
Stearn; Ohio Attorney General; Lee Fisher; Attorney
General, Defendants-Appellees.
 No. 92-3070.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1992.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Harold Claypoole appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Claypoole sued various Ohio state agencies and officials. Claypoole alleged that the defendants violated his constitutional rights when they removed his children from his custody. Over Claypoole's objections, the district court adopted the magistrate's report and recommendation and dismissed the complaint, concluding that Claypoole's action was barred by the statute of limitations. Claypoole has filed a timely appeal. In his brief, he requests the appointment of counsel and a transcript at government expense. In his reply brief, he has included a petition for writ of habeas corpus.
 
 
 3
 Upon review, we affirm the district court's judgment. Claypoole failed to file his action within the two year statute of limitations contained in Ohio Rev.Code § 2305.10, that is applicable to civil rights claims arising in Ohio. Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc). Further, Claypoole has not established a continuing violation of his civil rights so as to extend the limitations period. See Dixon v. Anderson, 928 F.2d 212, 216-17 (6th Cir.1991).
 
 
 4
 On appeal, Claypoole has included a petition for writ of habeas corpus in his reply brief. We have no jurisdiction to consider a habeas petition as an original action. Cf. Matter of Mackin, 668 F.2d 122, 137 (2d Cir.1981).
 
 
 5
 Accordingly, we deny Claypoole's request for counsel and free transcript and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.