99 F.3d 1139
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry HOLDSWORTH, Plaintiff-Appellant,
v.
Stephen NAJEWAY, et al., Defendants-Appellees.
 No. 95-3911.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1996.
 
 Before: GUY, RYAN, and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Holdsworth's § 1983 action involving a claim for wrongful prosecution and imprisonment was dismissed on statute of limitations grounds. See 42 U.S.C. § 1983. Our review indicates the dismissal was proper and we affirm.
 
 I.
 
 2
 Plaintiff was indicted and convicted of the state charge of aggravated robbery in late 1988. On February 24, 1992, his conviction was overturned on appeal. Holdsworth then brought an action for wrongful imprisonment in state court in April 1992. Ultimately, on December 14, 1994, the matter was resolved in the Ohio court of claims and the state awarded Holdsworth $88,000. Shortly thereafter on February 3, 1994, this § 1983 action was instituted.
 
 
 3
 All of the defendants filed motions to dismiss on several grounds. The trial judge dismissed plaintiff's claims against all of the defendants on statute of limitations grounds.
 
 II.
 
 4
 In Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc), we concluded that § 1983 actions in Ohio were controlled by Ohio's two-year statute of limitations. Holdsworth conceded this, but argues that Browning was wrongly decided and that Ohio's four-year statute of limitations should apply. We need not consider this argument because one panel of this court cannot overrule a previous panel's decision. Salmi v. Secretary of Health & Human Servs., 774 F.2d 685, 689 (6th Cir.1985).
 
 
 5
 Plaintiff goes on to argue that even if the two-year statute is applicable, his claim is still timely because the clock did not start to run until the state court of claims resolved his damage claim in February 1994.
 
 
 6
 There is no merit to this contention. In a § 1983 action, federal law determines the date of accrual. Dixon v. Anderson, 928 F.2d 212, 215 (6th Cir.1991). In this circuit a claim accrues on the date a party claiming injury knew or reasonably should have known of the injury on which his claim is based. Id. Under the circumstances presented here, we hold that date was February 24, 1992, the date his conviction was reversed by the Ohio Court of Appeals. Indeed, very shortly thereafter, plaintiff, represented by counsel, filed his state court action, and plaintiff offers no explanation as to why his federal action was not filed within this same time period. The district court correctly concluded that plaintiff's cause of action accrued outside the applicable two-year statute of limitations.
 
 
 7
 AFFIRMED.