OPINION
Plaintiff-appellant Richard K. Archer appeals the November 3, 1998 Decision and Judgment Entry entered by the Muskingum County Court of Common Pleas granting the motion to dismiss pursuant to Civ.R. 12(B)(6) and (C) of defendants-appellees Thomas Payne, et al.
 STATEMENT OF THE FACTS AND CASE
This appeal arises out of a civil rights action under42 U.S.C. Section 1983 filed by appellant against appellees. Sometime prior to September 23, 1994, the Knox County Grand Jury indicted appellant on felony offenses. Based upon the indictment, Knox County issued a felony arrest warrant. On September 23, 1994, the Muskingum County Sheriff's Department arrested appellant pursuant to the aforementioned warrant. Thereafter, appellant was held in the Muskingum County Jail. Appellant alleges, while incarcerated in the Muskingum County Jail, appellee Deputy Don Yarger of the Muskingum County Sheriff's Department prohibited appellant from contacting an attorney and/or having an attorney appointed for him. On October 14, 1994, appellant appeared before appellee Judge Thomas Payne of the Muskingum County Court for a hearing pursuant to Crim.R. 4(E)(1). Appellant alleges Judge Payne failed to allow him to consult an attorney despite his request to do so. Later that same day, Muskingum County turned appellant over to Knox County on the felony warrant. Appellee Deputy Robert Durbin of the Knox County Sheriff's transported appellant to the Knox County Jail. Appellant alleges, despite his request to speak with an attorney, Deputy Durbin repeatedly questioned him during the forty-five minute trip to Knox County and after the deputy booked appellant into the jail. On October 17, 1994, appellant appeared before Referee Cynthia D. Barbour in the Mount Vernon Municipal Court. Subsequently, an order to appoint counsel was filed. Appellant asserts his first opportunity to consult with an attorney occurred on October 28, 1994, at his arraignment before appellee Judge Otho Eyster of the Knox County Court of Common Pleas. On January 6, 1995, Judge Eyster conducted a suppression hearing relative to the issue of the continuous denial of appellant's requests for counsel as set forth supra. Appellant appeared at the hearing with his court appointed counsel, Knox County Public Defenders Fred Mayhew and Curt Zimansky, also appellees herein. The trial court denied appellant's motion to suppress. Appellant was ultimately convicted and sentenced to serve a five to fifteen year term of incarceration in the Ohio Department of Rehabilitation and Correction. On September 15, 1998, appellant filed a 1983 action in the Muskingum County Court of Common Pleas, seeking declaratory, monetary, and injunctive relief. Appellees filed a timely answer as well as a motion to dismiss and/or for judgment on the pleadings. Appellees asserted appellant's complaint was barred by the applicable statute of limitations, and barred by the doctrine of collateral estoppel pursuant to the United States Supreme Court's decision in Heck v. Humphrey (1994), 114 S.Ct. 2364. Via Decision and Judgment Entry dated November 3, 1998, the trial court granted appellees' motion pursuant to Civ.R. 12(B)(6) and (C). The trial court found the two year statute of limitations set forth in R.C. 2305.10 was applicable to the action; therefore, appellant's complaint was time barred. The trial court also found the action was barred by the doctrine of collateral estoppel. On November 30, 1998, appellant filed a motion for relief from judgment pursuant to Civ.R. 60. In support of his motion, appellant attaches a letter dated October 29, 1998, he wrote to the Muskingum County Clerk of Courts, requesting an enclosed Motion for Leave to Amend Complaint be filed immediately. Also attached to his motion for relief from judgment, appellant submits a copy of the motion for leave. From the record, it appears the motion for leave was returned to appellant, unfiled, with a note allegedly from the Clerk stating the action had been dismissed. On November 30, 1998, appellant filed a Notice of Appeal of the trial court's November 3, 1998 Decision and Judgment Entry. Via Decision and Journal Entry dated December 16, 1998, the trial court denied appellant's motion for relief from judgment, finding the court did not have jurisdiction to consider said motion as appellant had filed a Notice of Appeal. It is from the November 3, 1998 Decision and Journal Entry appellant prosecutes this appeal, raising the following assignments of error:
I. THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S CIVIL RIGHTS COMPLAINT ON THE BASIS THAT IT WAS PLAINLY BARRED BY THE TWO YEAR STATUTE OF LIMITATIONS SET FORTH IN R.C. 2305.10. (TRIAL COURT DECISION AND JUDGMENT ENTRY (NOV. 3, 1998 AT PP. 3-4).
II. THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S CIVIL RIGHTS COMPLAINT BASED ON THE DOCTRINE OF COLLATERAL ESTOPPEL SET FORTH IN HECK V. HUMPHREY, 512 U.S. 477 (1994). (TRIAL COURT DECISION AND JUDGMENT ENTRY (NOV. 3, 1998 AT P. 4).
III. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO ALLOW PLAINTIFF TO AMEND THE COMPLAINT PURSUANT TO CIV. R. 15(A) IN ORDER TO MORE CLEARLY DEMONSTRATE THE FACT THAT SUCCESS ON PLAINTIFF'S 1983 CLAIM WILL NOT NECESSARILY IMPLY INVALIDITY OF HIS CONVICTION. (PLAINTIFF'S MOTION TO AMEND AND TRIAL COURT'S DOCKETING STATEMENT).
IV. THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S CIVIL RIGHTS COMPLAINT PURSUANT TO CIV. R. 12(B)(6) AND 12(C) WHERE THE APPLICABLE STATUTE OF LIMITATIONS IS IN DISPUTE WITHIN THE STATE APPELLATE COURTS, AND WHERE SUCCESS ON PLAINTIFF'S 1983 CLAIM WILL NOT NECESSARILY IMPLY THE INVALIDITY OF HIS CONVICTION, AN ERROR WHICH DEMONSTRATES THAT THE TRIAL COURT FAILED TO REVIEW THE COMPLAINT IN A LIGHT MOST FAVORABLE TO PLAINTIFF. (TRIAL COURT DECISION AND JUDGMENT ENTRY (NOV. 3, 1998 AT P.4).
V. THE TRIAL COURT DENIED PLAINTIFF "DUE PROCESS" UNDER BOTH THE STATE AND FEDERAL CONSTITUTIONS WHEN IT DENIED PLAINTIFF SUFFICIENT TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS AND/OR FOR JUDGMENT ON THE PLEADING, CAUSING PLAINTIFF TO BE DENIED THE OPPORTUNITY TO BE HEARD. (TRIAL COURT DECISION AND JUDGMENT ENTRY (NOV. 3, 1998 AT PP. 1-5).
 I IV
Because appellant's first and fourth assignments relate to the propriety of the trial court's dismissal of appellant's complaint upon a finding the action was barred by the statute of limitations, we shall address said assignments together. In his first assignment of error, appellant maintains the trial court erred in dismissing his complaint as barred by the two year statute of limitations set forth in R.C. 2305.10. In his fourth assignment of error, appellant contends the trial court erred in dismissing his complaint pursuant to Civ.R. 12(B)(6) and (C) when Ohio appellate courts disagree on the applicable statute of limitations. Federal law governs the characterization of a section 1983 claim for limitation purposes. Wilson v. Garcia (1985),471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254. "Claims under Section 1983 * * * are best characterized as personal injury actions, for limitation purposes." Id. at headnote 5. The Wilson Court held a trial court entertaining claims brought under 42 U.S.C. § 1983
should borrow the State statute of limitations for personal injury actions. Id. at 280. However, the U.S. Supreme Court recognized the Wilson decision did not address the question of which statute of limitations should apply to a 1983 action where a State has one or more statutes of limitations for certain enumerated intentional torts, and a residual statute for all other personal injury actions. Owens v. Okure (1989), 488 U.S. 235, 236, 109 S.Ct. 573,574, 102 L.Ed.2d 594. The Owens Court held "where state law provides multiple statutes of limitations for personal injury actions, courts considering sec. 1983 claims should borrow the general or residual statute for personal injury actions." Id. at 249-250. Shortly after the United States Supreme Court issued its decision in Owens, the United States Court of Appeals for the Sixth Circuit addressed the question of whether the appropriate statute of limitations for 1983 actions arising in Ohio was contained in R.C. 2305.11 or R.C. 2305.10. Browning v. Pendelton (1989), 869 F.2d 989. The Sixth Circuit held "the two year limitations period [set forth in R.C. 2305.10] is the appropriate statute of limitations for actions arising in Ohio under42 U.S.C. Sec. 1983." Id. at 990. Subsequently, in L.R.L. Properties v. Portage Metro Hous. Auth. (1995), 55 F.3d 1097, the Sixth Circuit reaffirmed the Browning decision in a case in which the plaintiffs argued R.C. 2305.09(D), which provides a four year statute of limitations for certain torts, was the applicable statute of limitations in 1983 cases. Pursuant to the aforementioned authority, we find R.C. 2305.10 is the applicable statute of limitations to appellant's claims. We now must determine the date on which the statute limitations began to run in appellant's action. "The date on which the statute of limitations begins to run in a Section 1983 action is a question of federal law." Sevier v. Turner (6th Cir. 1984), 742 F.2d 262, 272. "Ordinally, the limitations period starts to run `when the plaintiff knows or has reason to know of the injury which is the basis of his action'." Kuhnle Brothers, Inc. v. County of Geauga (6th Cir. 1997),103 F.3d 516, 520 (Citation omitted). "In determining when the cause of action accrues in section 1983 actions, we have looked to what event should have alerted the typical lay person to protect his or her rights." Dixon v. Anderson (6th Cir. 1991), 928 F.2d 212, 215
(Citation omitted). In the instant action, the Muskingum Sheriff's Department arrested appellant on the Knox County felony warrant prior to September 23, 1994. During his incarceration in the Muskingum County Jail, appellant requested he be allowed to contact an attorney and/or to have an attorney appointed for him. Deputy Sheriff Yarger failed to comply with appellant's request. After approximately twenty-two days in jail, appellant appeared before Muskingum County Court Judge Payne on October 14, 1994, for a Crim.R. 4 hearing. Upon appellant's request to speak with and/or to have an attorney appointed, Judge Payne informed appellant he would have wait until he was returned to Knox County. On the same day, Detective Durbin of the Knox County Sheriff's Department transported appellant to the Knox County Jail. During the forty-five minute trip to Knox County, and after appellant's booking into the Knox County Jail, appellant again requested counsel. On October 17, 1994, appellant appeared before a referee in the Mount Vernon Municipal Court. Thereafter, the court ordered counsel be appointed. At his arraignment on October 28, 1994, appellant had his first opportunity to consult with an attorney. Thus, the latest date referred to in the complaint upon which appellees could have violated appellant's constitutional rights is October 28, 1994. Appellant filed his 1983 action on September 15, 1998, more than 4 years after the latest date on which a constitutional violation by appellees could have occurred. Because R.C. 2305.10 required appellant to file his complaint on or before October 28, 1996, we find the action is barred by the statute of limitations. Accordingly, we find the trial court did not err in granting appellees' motion to dismiss. Appellant's first and fourth assignments of error are overruled.
 II, III, V
In light of our finding appellant's complaint is barred by the statute of limitations, any discussion of appellant's second, third, and fifth assignments of error is moot.
The judgment entry of the Muskingum County Court of Common Pleas is affirmed.
By: Hoffman, J. Gwin, P.J. and Farmer, J. concur.