OPINION
This appeal is taken by plaintiff-appellant Graylin S. Lutchey from the judgment entered by the Court of Common Pleas of Henry County dismissing his complaint for failure to state a claim.
Lutchey was arrested by Officer Brad Hill of the Napoleon Police Department on December 22, 1994 pursuant to a warrant issued on a four count indictment by the Fulton County Grand Jury. Further, Lutchey was again arrested by Officer Brad Hill of the Napoleon Police Department on January 15, 1995 pursuant to a Bench Warrant issued by the Fulton County Court of Common Pleas. On March 31, 1995, after trial, Lutchey was sentenced to the Ohio Department of Rehabilitation on the charges contained in the indictment.
On January 25, 1999, Lutchey filed a complaint in the Henry County Court of Common Pleas purporting to assert rights of action arising primarily under Federal Civil Rights Acts.
On February 23, 1999, Defendant-Appellee, filed a motion to dismiss the complaint pursuant to 12(B)(6) for failure to state a claim upon which relief could be granted.
On April 12, 1999, a hearing was held by the Honorable Kieth P. Muehlfeld pursuant to Civ.R. 12(B)(6) and Lutchey was permitted to participate via telecommunication. Upon conclusion of the hearing the complaint was dismissed. On appeal from that dismissal Lutchey presents several assignments of error.
Lutchey's assignments of error are all dependent upon a finding by this court that his arrests in September of 1994 and again in January of 1995 were unlawful and thus, resulted in his false imprisonment by the City of Napoleon in violation of his civil rights giving rise to causes of action under 42 U.S.C. § 1983
and § 1981.
The legislature has mandated that all actions for false arrest be brought within one year of the incident. R.C. 2305.11. This statute of limitations does not begin to run once an individual has been released from prison and acquitted. The statute runs from the date the incident occurs. Mayes v. Columbus
(1995) 105 Ohio App.3d 728. In addition, the statutory period for Federal Civil Rights claims brought in Ohio is two years.Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir., 1995); LRLProperties et. al. v. Portage Metro Housing Authority, et. al.,55 F.3d 1097 (6th Cir., 1995). As a result, since Lutchey was arrested and subsequently imprisoned in 1995 his claims of false imprisonment and violations of his civil rights have been barred.
Even had Lutchey's claims of false imprisonment and violations of his civil right not been barred by time, they would have been invalid. It is well-settled that a prisoner cannot challenge the fact or length of his confinement until the underlying conviction has been set aside. Moreover, a state prisoner does not state a cognizable claim under 42 U.S.C. § 1983
challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.Heck v. Humphrey (1994), 512 U.S. 477, 486-87; Chatman v.Slagle (6th Cir. 1997), 107 F.3d 380, 382.
The record clearly reveals that Lutchey, currently confined at the North Central Correctional Institution, is challenging the fact of his lawful confinement at that institution purporting to proceed under 42 U.S.C. § 1983 and state tort law. It reveals further that Lutchey's underlying conviction based on the arrest and search and which resulted in his confinement has not been reversed on direct appeal, expunged by an executive order, declared invalid by the State of Ohio, or called into question by the issuance of writ of habeas corpus. As a result, Lutchey does not state a claim that may be maintained under 42 U.S.C. § 1983 or state tort law.
No error having been shown the judgment of the Court of Common Pleas of Henry County is affirmed.
Judgment affirmed.
HADLEY and SHAW, JJ., concur.