**Robert A. POTTS, Plaintiff–Appellant,**

v.

**OSHP TROOPER M.E. Hill,
Defendant–Appellee.**

No. 00–3082.

United States Court of Appeals,
Sixth Circuit.

Aug. 16, 2001.

Before BOGGS and CLAY, Circuit
Judges, and ROBERTS,* District Judge.

* The Honorable Victoria A. Roberts, United States District Judge for the Eastern District of Michigan, sitting by designation.

CLAY, Circuit Judge.

Plaintiff, Robert A. Potts, appeals from the district court order dismissing Plaintiff's civil rights claim against Defendant, Ohio State Highway Patrol Trooper M.E. Hill, brought pursuant to 42 U.S.C. § 1983, as time-barred under the applicable statute of limitations period. We **REVERSE** and **REMAND** for consideration of the merits of Plaintiff's § 1983 claim arising out of Defendant's traffic stop of Plaintiff.

## BACKGROUND

On June 14, 1999, Plaintiff filed a complaint against Defendant in Ohio state court, alleging unreasonable search and seizure and deprivation of liberty without due process in violation of the Fourth and Fourteenth Amendments. Plaintiff also alleged violations of state common law rights against false arrest and detention, and malicious prosecution. Plaintiff sought $50,000 in compensatory damages, $50,000 in punitive damages, and attorneys' fees and costs. On July 8, 1999, Defendant filed in the district court a petition for removal pursuant to 28 U.S.C. §§ 1441 and 1446. The case was removed from state court on grounds that the district court had original jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. §§ 1983 and 1988.

On October 29, 1999, Defendant filed a motion to dismiss with the district court pursuant to Rule 12(b)(6), which was granted on December 10, 1999. In its opinion, the district court found that Plaintiff's § 1983 claim relating to the traffic stop of Plaintiff by Defendant on March 2, 1996, was barred by the applicable statute of limitations. The district court dismissed Plaintiff's federal civil rights action and remanded Plaintiff's state law claims to the Ohio court of common pleas. Plaintiff filed a timely notice of appeal, raising the district court's application of the stat-ute of limitations to his § 1983 claim arising out of the traffic stop as his one assignment of error.

## Facts

On March 2, 1996, Defendant observed a vehicle, driven by Plaintiff, traveling in excess of the posted speed limit in Trumbull County, Ohio. As Defendant began to pursue Plaintiff, Plaintiff attempted to elude Defendant by increasing his speed and exiting from the highway. Plaintiff eventually stopped and pulled his vehicle over to the side of the road.

During the ensuing conversation, Defendant asked Plaintiff if he had any weapons in the car, to which Plaintiff responded affirmatively. Plaintiff then proceeded to produce three knives; one that had been concealed to the right side of the driver's seat, one that had been concealed in the armrest console, and one located in plain view behind the passenger seat. Defendant took custody of the three knives, giving Plaintiff a receipt for the property. Plaintiff was issued a summons for carrying a concealed weapon and speeding.

Plaintiff pleaded no contest to the two charges and the municipal court found him guilty of both charges. Plaintiff appealed the concealed weapon conviction to the Ohio appeals court. On September 28, 1998, the appellate court reversed Plaintiff's concealed weapon conviction on grounds that an item could not simultaneously be concealed while in plain view for search and seizure purposes.

## DISCUSSION

The determination that a complaint was filed outside of the applicable statute of limitations is a conclusion of law that this court reviews *de novo*. *Farber v. Massillon Board of Educ.*, 917 F.2d 1391, 1399 (6th Cir.1990). The district court dismissed Plaintiff's § 1983 claim arising

out of the traffic stop on grounds that the applicable statute of limitations barred the claims. The court measured the limitations period from the time of the traffic stop.

Plaintiff contends that under *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 394 (6th Cir.1999), the statute of limitations period for his § 1983 action began to run on September 28, 1998, the day the Ohio Court of Appeals reversed his conviction, rather than on March 2, 1996, the day of the traffic stop. Defendant responds that *Shamaeizadeh* does not apply to Plaintiff's § 1983 claim because a separate speeding conviction arising out of the traffic stop remains outstanding.

■ State law determines the applicable statute of limitations period to be applied in a § 1983 action. *Wilson v. Garcia*, 471 U.S. 261, 267, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). However, federal law governs when the statute of limitations period begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir.1984). This Court in *Sevier* found that for § 1983 actions, the "statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* at 273 (citations omitted). However, this Court, in *Shamaeizadeh*, observed that in light of the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), resolution of the issue of the commencement of the limitations period for § 1983 actions is now "more complicated." *Shamaeizadeh*, 182 F.3d at 394.

The Supreme Court in *Heck* held that for a § 1983 plaintiff to recover damages for an unconstitutional conviction or imprisonment, the plaintiff must first prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87 (citations omitted). Accordingly, "the statute of limitations [period for a § 1983 action] poses no difficulty while ... state challenges are being pursued [by a § 1983 plaintiff because] a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489.

However, *Heck* also included limiting language regarding § 1983 actions arising from an unreasonable search:

> a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery ... and especially harmless error ... such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury ... which ... does *not* encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

*Id.* at 487 n. 7 (citations omitted) (emphasis in original).

■ Nevertheless, this Court has not interpreted this language as creating a broad "Fourth Amendment exception" to the *Heck* holding: "The language of *Heck* plainly refutes the argument that Fourth Amendment claims are exempted from the requirement that a conviction must be set aside as a precondition" for a § 1983 suit alleging an illegal search. *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir.1995). Accordingly, even in a Fourth Amendment

context, "[b]ecause a § 1983 claim for relief does not exist until the conviction is set aside, the statute of limitations does not begin to run until this time." *Id.* at 1087 n. 5. This Court, in *Shamaeizadeh,* reconfirmed this position: "A cause of action under § 1983 that would imply the invalidity of a conviction does not accrue until the conviction is reversed or expunged, and therefore the statute of limitations does not begin to run until such an event occurs, if ever." *Shamaeizadeh,* 182 F.3d at 396 (citing *Heck,* 512 U.S. at 489–90, and *Schilling,* 58 F.3d at 1087 n. 5).

■ Defendant argues that *Shamaeizadeh* does not apply when an additional conviction, arising from the same set of facts as the reversed conviction, in this case the traffic stop, remains outstanding. Under such reasoning, because the speeding conviction, arising out of the traffic stop, has not been reversed, Plaintiff may not apply *Shamaeizadeh* to establish that the limitations period began to run upon the reversal of the concealed weapon conviction. However, under *Shamaeizadeh,* Defendant's position would only prolong, not hasten, the running of the limitations period. If, as Defendant contends, all convictions arising out of the same set of facts must be reversed in order for *Shamaeizadeh* to apply, then the statute of limitations period in this case would not yet have begun to run, because not all related convictions had been set aside.

Under *Shamaeizadeh,* if a successful § 1983 claim would not "demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Shamaeizadeh,* 182 F.3d at 395 (quoting *Heck,* 512 U.S. at 487). Because a § 1983 claim relating to the concealed weapon conviction would not affect the validity of the outstanding speeding conviction, the two convictions, for purposes of *Heck* and *Shamaeizadeh* are unrelated. Because the Fourth Amendment violation found in this case turned on the invalidity of the concealed weapon conviction, and not on the invalidity of the speeding conviction, the reversal of the concealed weapon conviction, under *Heck* and *Shamaeizadeh,* started the running of the limitations period.

■ As the district court correctly noted, the statute of limitations for § 1983 claims brought in the State of Ohio is two years. *Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir.1989) (*en banc*). Under *Heck* and *Shamaeizadeh,* the limitations period for Plaintiff's § 1983 claims began to run on September 28, 1998, the day Plaintiff's concealed weapon conviction was reversed. Accordingly, Plaintiff, having filed his complaint on June 14, 1999, was within the applicable two-year limitations period.

## CONCLUSION

Because Plaintiff's § 1983 action was filed within the applicable two-year limitations period, which began to run on September 28, 1998, we **REVERSE** the district court order and **REMAND** for consideration of the merits of Plaintiff's § 1983 claim arising out of the traffic stop.