Cindy L. **NAETHING**, Plaintiff,

v.

Lee **COVINGTON**, et al., Defendants.

No. 3:01CV7452.

United States District Court,
N.D. Ohio,
Western Division.

Oct. 24, 2001.

Cindy L. Naething, Marion, OH, Pro se.

Ann E Henkener, Assistant Attorney General, Health and Human Services Section, Columbus, OH, for Lee Covington.

Michael S. Gordon, Vorys, Sater, Seymour & Pease, Cleveland, OH, for American General Life and Accident Insurance Company, Defendants.

## ORDER

CARR, District Judge.

This is a pro se § 1983 and § 1985 case arising from plaintiff's contention that she is the beneficiary of two life insurance policies issued by the defendant American General Life & Accident Insurance Company. She claims, inter alia, that the state defendant, the Ohio Department of Insurance (sued through its Director, Lee Covington), conspired with American General, and has deprived her of certain unspecified civil rights.

Pending are motions to dismiss filed by both defendants. For the reasons that follow, the motions shall be granted.

Plaintiff is convinced she is the beneficiary of the two policies. She has been unable to procure copies of the polices from the defendant insurance company. She filed and lost an action for discovery in the Richland County, Ohio, Court of Common Pleas. Her appeal from that decision was dismissed as untimely. She here seeks to relitigate issues decided in that case. In view of the former, adverse decision, she cannot do so under the doctrines of collateral estoppel and res judicata.

In any event, her complaint against the insurance company is barred by the statute of limitations. She was aware of her potential claim by the end of 1992, at the latest. This case was filed nearly nine years later. The statute of limitations is two years in a civil rights case. *Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir. 1989).

Finally, and in any event, the defendant insurance company is not a state actor. Thus, it cannot be sued under § 1983.

The state defendant seeks dismissal on the doctrine of sovereign immunity.

That argument need not be addressed because defendant's alternative argument—that the plaintiff's complaint fails for want of specificity to state a claim—is well taken. Her allegations of misconduct and conspiracy are entirely conclusory, and thus is insufficient. *See, e.g., Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir.1987) ("conspiracy claims must be pled with some degree of specificity and ... vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983"). Moreover, even read most broadly in her favor, the plaintiff's allegations fail to show that any right protected under the Constitution and laws of the United States has been violated.

In light of the foregoing, it is

ORDERED THAT the motions of the defendants for dismissal be, and the same hereby are granted; plaintiff's motion to compel dismissed as moot.

So ordered.