**George A. ABRAM, et al.,
Plaintiffs–Appellants,**

**v.**

**GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY, et al.,
Defendants–Appellees.**

**No. 00–3871.**

United States Court of Appeals,
Sixth Circuit.

Dec. 12, 2001.

Before CLAY and GILMAN, Circuit Judges; EDGAR, District Judge.*

* The Honorable R. Allan Edgar, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

CLAY, Circuit Judge.

Plaintiffs George Abram, William D. Smith, Berry Grant, Alfonso Rollins, and Gilbert O. Crawford appeal the June 20, 2000 order granting summary judgment to Defendants, the Greater Cleveland Regional Transit Authority ("RTA") and Ronald Tober, on Plaintiffs' race discrimination claims brought under 42 U.S.C. § 1981. Plaintiffs, who are African American, allege myriad forms of discrimination under § 1981. Specifically, Abram alleges that he was constructively discharged by Tober, who pressured him to retire in retaliation for participating in Equal Employment Opportunity activities. Smith, Grant and Rollins allege that Defendants discriminated against them by using the scores they earned on a battery of facially neutral tests ("test") to eliminate them from consideration for the position of district director. They allege that the test had a discriminatory impact on black males as opposed to other groups who took it. In addition, Rollins alleges his test scores prevented him from securing the position of director of fleet management. Rollins further alleges that he was rejected for the position of equipment manager due to his race. Likewise, Crawford alleges that because of race, Defendants failed to hire him as director of service control and central facilities manager. Plaintiffs also point to statements made and actions taken on the part of Defendants, which they claim constitute direct evidence of racial discrimination. Moreover, all Plaintiffs allege that they were paid less than Caucasian employees who worked at RTA. Particularly, Abrams contends that he was paid less than five Caucasian employees

who hold various management level positions at RTA.

As explained below, although we find that the district court apparently failed to address one of the Plaintiff's claims, it nevertheless correctly granted summary judgment in favor of Defendants as to all claims. We therefore AFFIRM.

■ A district court's order granting summary judgment is reviewed *de novo*. *See Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir.2000) (citation omitted). Preliminarily, we agree with the district court that Abram's claim of retaliatory pressure to retire is barred by Ohio's two-year statute of limitations, applicable to § 1981 claims. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir.1989). We also agree with the district court for the reasons stated in its opinion that Plaintiffs have failed to produce direct evidence of discrimination, and therefore must rely on the burden shifting scheme outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), to prove their claims. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 n. 4 (6th Cir.1992).

The district court correctly concluded that under *McDonnell Douglas*, Rollins' claim with respect to the equipment manager position and Crawford's claim with respect to the director of service control and central facilities manager positions fail because these Plaintiffs offer no evidence to show that Defendants' legitimate, non-discriminatory reasons for failing to hire them for these jobs are pretextual. *See McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. 1817.

■ Further, we also agree with the district court that Rollins, Smith and Grant have failed to provide sufficient evidence to survive summary judgment with respect to their claims that they were de-nied the district director position because of their scores on RTA's facially neutral test. As the district court aptly explained, under the facts of this case, Plaintiffs' contention that RTA's facially neutral test had a disparate impact on black male applicants versus other racial and gender groups who applied for the position might support a disparate impact claim had this case been brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), but standing alone fails to raise an inference of intentional racial discrimination, which is a necessary showing in a § 1981 action. *See Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 382–83, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982); *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 355 n. 15, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977).

The district court also correctly determined that in order for Plaintiffs to show they were paid less than white RTA employees because of race, Plaintiffs had to show they were similarly situated with the white employees with whom they sought to compare themselves. *See Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 802 (6th Cir.1994). We agree with the district court that Plaintiffs failed to make this showing.

As explained above, although we agree with the way in which the district court analyzed Plaintiffs' claims for the reasons set forth in its opinion, we note one exception. It is unclear from the district court's otherwise well-reasoned opinion whether it considered Rollins' claim that he was denied the director of fleet management position because of his scores on RTA's facially neutral test. The district court failed specifically to mention in its opinion that Rollins applied and was rejected for this particular position. The district court's opinion speaks in general terms of

Plaintiffs applying for the "director" position, but never specifically mentions the director of fleet management position, only the district director position. However, according to RTA's organization chart provided in the joint appendix, the director of fleet management and district director positions are distinct. (J.A. at 257.) Nevertheless, we believe that even if the district court erred in failing to address this issue, summary judgment was still appropriate.

To state a claim of discriminatory failure to hire under § 1981, Rollins must make the same showing as is required for claims brought under Title VII. *Mitchell*, 964 F.2d at 582. Thus, he must show (1) he belongs to a protected class; (2) he suffered from an adverse action; (3) he was qualified for the position in question; and (4) that he was treated differently from similarly situated members of the unprotected class. *Alexander v. Local 496, Laborers' Int'l Union of North America*, 177 F.3d 394, 402–03 (6th Cir.1999) (citations omitted). The burden of production then shifts to Defendants to offer a legitimate, non-discriminatory reason for the adverse action. *Id.* at 403. To survive summary judgment, a plaintiff must then adduce evidence to show the defendant's reasons were pretextual. *Id.*

■ Even assuming that Rollins had established a prima facie case of discrimination, Defendants presented evidence that Rollins failed to obtain this position because of his low test scores on the facially neutral test battery that all candidates had to take. (J.A. at 474–74.) Rollins failed to present any evidence that this reason was pretextual, or that Defendants implemented the test for impermissible reasons. Thus, his claim fails. *See McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. 1817; *Alexander*, 177 F.3d at 403.

The fact that the district court failed specifically to mention Rollins' claim with respect to the director of fleet management position does not change the disposition of this case, and we decline to issue a full, detailed opinion in this matter. We believe the district court otherwise fully articulated the issues involved, and the issuance of a detailed opinion from this Court would be duplicative and would serve no useful jurisprudential purpose. Therefore, other than the matter we analyze and dispose of above, we AFFIRM the judgment of the district court for the reasons stated in the opinion and order filed by that court on June 20, 2000.