Sterling R. ELLIOTT, Plaintiff–
Appellant,

v.

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOP-
MENT; Dayton Metropolitan Hous-
ing Authority; Roland L. Turpin;
Gary Hayden, Defendants–Appellees.

No. 01–4303.

United States Court of Appeals,
Sixth Circuit.

Aug. 1, 2002.

Before RYAN and BOGGS, Circuit
Judges; HAYNES, District Judge.*

## ORDER

Sterling R. Elliott, an Ohio resident pro-
ceeding pro se, appeals a district court
order dismissing his civil rights action
against Dayton Metropolitan Housing Au-
thority ("DMHA"), Roland L. Turpin, and
Gary Hayden (the "DMHA defendants"),
see 42 U.S.C. § 1983, and his civil action
against the United States Department of
Housing and Urban Development
("HUD"), brought under the Federal Torts
Claims Act ("FTCA"), see 28 U.S.C.
§ 2675(a). This case has been referred to
a panel of the court pursuant to Rule
34(j)(1), Rules of the Sixth Circuit. Upon
examination, this panel unanimously

* The Honorable William J. Haynes, Jr., United
States District Judge for the Middle District of
Tennessee, sitting by designation.

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In his complaint, Elliott alleges that the DMHA, Turpin, and Hayden violated his Fourth Amendment rights when the DMHA entered into his apartment without the 24 hour notice allegedly required by Ohio Revised Code Ch. 4112, Title VIII of the 1968 Civil Rights Act, and § 32.05 of the Revised Codified General Ordinances of the City of Dayton. The remainder of the allegations relate to damages suffered by Elliott, allegedly as a result of the defendants' acts.

The defendants filed respective motions to dismiss. The matter was referred to a magistrate judge who issued separate reports recommending that the defendants' motions to dismiss be granted. The magistrate judge recommended that the complaint against the DMHA defendants be dismissed for failure to state a claim upon which relief may be granted. The magistrate judge recommended that the complaint against HUD be dismissed for lack of subject matter jurisdiction. The district court adopted the magistrate judge's reports and recommendations over Elliott's objections. This timely appeal followed.

Our review of a Rule 12(b)(6) dismissal is de novo. *See Mertik v. Blalock,* 983 F.2d 1353, 1356 (6th Cir.1993). Under Rule 12(b)(6), we must construe the complaint in the light most favorable to the plaintiff, accept all of her factual allegations as true, and determine whether she undoubtedly can prove no set of facts in support of her claims that would entitle her to relief. *See Miller v. Currie,* 50 F.3d 373, 377 (6th Cir.1995). We review de novo a district court's decision to dismiss an action for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). *See Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir.1990).

■ Upon de novo review, we conclude that the district court properly dismissed Elliott's § 1983 complaint for failure to state a claim upon which relief may be granted. First, to state a viable claim under 42 U.S.C. § 1983, a plaintiff must produce evidence that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or law of the United States, and (2) the deprivation was caused by a person while acting under the color of state law. *See Flagg Bros. v. Brooks,* 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). Here, the complaint does not state who the man was who entered the apartment in October and December of 1999, and does not allege that he was acting under color of state law. Indeed, that man is not even sued and nothing is said about why any of the other defendants should be held responsible for these entries.

■ Second, even if it is assumed that defendant Hayden, in his capacity as site manager for DMHA, was acting under color of state law when he sent the eviction notice, sending an eviction notice is not a violation of the Constitution. Elliott has not pleaded any way in which the eviction notice violated the Constitution. *See Flagg Bros.,* 436 U.S. at 155–57.

Third, to the extent that the complaint can be construed as alleging that defendant Hayden entered the apartment unlawfully in violation of the Fourth Amendment, the claim is barred by the applicable statute of limitations. *See Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir.1989) (en banc).

■ Fourth, Elliott's complaint failed to state a claim for relief against DMHA Director Roland Turpin because he failed to allege that Turpin was either personally responsible for or knowingly acquiesced in any unconstitutional conduct. *See Copeland v. Machulis,* 57 F.3d 476, 481 (6th

Cir.1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984). The theory of respondeat superior cannot provide the basis for liability in § 1983 actions. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 817–18 (6th Cir.1996).

Fifth, if DMHA is considered to be a political subdivision, Elliott has failed to allege the existence of a governmental policy or custom relative to the nature of his claims. *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir.1993); *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir.1993). Moreover, nothing in the record demonstrates that the alleged injuries to Elliott resulted from the application of a city policy or custom, and nothing in the complaint alleges that the defendants' actions or inactions occurred as a result of a policy or custom endorsed by the city. Therefore, the complaint was properly dismissed for failure to state a claim upon which relief may be granted.

Upon further review, we conclude that the district court properly dismissed Elliott's FTCA claim against HUD for lack of subject matter jurisdiction because Elliott did not exhaust administrative remedies required before he can sue a federal agency under the FTCA. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Additionally, the FTCA provides a cause of action only if the claim is brought against a federal employee. *See* 28 U.S.C. §§ 1346(b), 2674; *FDIC v. Meyer*, 510 U.S. 471, 477, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Elliott does not allege any act done by any employee or agent of HUD which in any way damaged him.

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.