**Thomas D. BEACH, Plaintiff–Appellant,**

v.

**State of OHIO;  et al., Defendants–Appellees.**

**No. 03–3187.**

United States Court of Appeals, Sixth Circuit.

Oct. 21, 2003.

Thomas D. Beach, Florence, CO, pro se.

Before MOORE and ROGERS, Circuit Judges; and FORESTER, District Judge.[*]

## ORDER

Thomas Beach, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Beach sued the State of Ohio and the Director (Wilkinson) of the Ohio Department of Rehabilitation and Correction, in both his official and individual capacities. Beach essentially claimed that: 1) the defendants in 1993 improperly exposed him to life threatening danger, which resulted in a permanent injury to his hand; and 2) the defendants violated his constitutional rights because he was improperly convicted of violating prison rules for his involvement in the 1993 riots at the Southern Ohio Correctional Facility (SOCF). Upon review, a magistrate judge filed a report recommending that the district court dismiss the complaint as untimely under the applicable statute of limitations because his second claim accrued in 1995. (We note that the court did not specifically address the first claim.) Over Beach's objections, the district court adopted the magistrate judge's recommendation and dismissed the complaint as untimely.

Beach has filed a timely appeal, essentially reasserting his claims. He also argues that the defendants violated his equal protection rights and that they have denied him access to the courts. Beach has filed a motion for the appointment of counsel and a motion to proceed in forma pauperis on appeal.

■ Initially, we note that Beach did not raise in the district court his claims that the defendants violated his equal protection rights and that they have denied him access to the courts. Unless exceptional circumstances are present, the court normally will not address an issue not first raised in the district court. *See Noble v. Chrysler Motors Corp., Jeep Div.*, 32 F.3d 997, 1002 (6th Cir.1994). No exceptional

[*] The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

circumstances exist in this case. Thus, we will not address these claims.

■ Upon review, we conclude that the district court properly dismissed Beach's complaint as untimely under the applicable statute of limitations. This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A case is frivolous if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia,* 471 U.S. 261, 268–69, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). For civil rights suits filed in Ohio under § 1983, the statute of limitations is two years. Ohio Rev.Code Ann. § 2305.10; *Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir.1989). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir.1996); *Sevier v. Turner,* 742 F.2d 262, 272 (6th Cir.1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer,* 98 F.3d at 220.

Beach's complaint was untimely. He alleged that he was exposed to danger and that he was injured during the 1993 SOCF riot. He also alleged that, in April 1995, he was improperly convicted for participating in the riot. Beach had reason to know of the "harms" done to him at the time they occurred. Hence, his claims accrued in 1993 and 1995. However, he did not file his complaint until August 2002, well past Ohio's two-year limit. *See* Ohio Rev.Code Ann. § 2305.10; *Browning,* 869 F.2d at 992. Moreover, Ohio law no longer tolls the running of the statute of limitations where a plaintiff is incarcerated. *See* Ohio Rev.Code § 2305.16 (effective January 13, 1991). Hence, the district court properly dismissed the complaint as untimely.

Accordingly, we deny the appointment of counsel, deny the motion to proceed in forma pauperis, and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.